Taylor, Chief-Justice,
 

 delivered the Court’s opinion. I believe that every point in this case has been settled
 
 by
 
 this Court in the case of the
 
 State Bank
 
 v.
 
 Twitty
 
 ; In which it was held, that if a person elected a Sheriff voluntarily gives bond with security, in a penalty greater than that required by law, and enters upon the duties of his office, and commits a broach of the condition, he and his securities will be liable upon such bond, though not by a summary remedy.
 

 As to the other objection in this case, that it ought to be shewn that the Governor has sustained damage, and not N. Henderson, it is virtually overruled in the case cited, in which the Court say, that the bond is taken to the Governor for the benefit of the people at large, or that portion of them whose money may come into the hands of the Sheriff. It is substantially taken to the people themselves, for their own benefit. As then, the bond is valid, and may he put in suit for the benefit of any one injured, there is no ground for a new trial in ¿ids case.