PHILEMON HOLLAND vs. DAVID CLARK.

When an agent, without authority to execute a bond for his principal, hired slaves for the principal, and gave bond signed by him as agent, with security; *Held*, that, according to the practice before the adoption of the C. C. P., *assumpsit* would lie against the principal, while *debt* or *covenant* would lie against the surety on the bond.

[*Fronebarger* v. *Henry*, 6 Jon. 548. *Fisher* v. *Pender*, 7 Jon. 483, and *Osborne* v. *High Shoals Man. Com.*, 5 Jon. 177, cited and approved.]

ASSUMPSIT, brought before the adoption of the Code of Civil Procedure, and tried at Spring Term, 1872, of the Superior Court of CRAVEN.

The plaintiff declared on an oral promise, to pay $525 for the hire of certain negro slaves for the year 1861. He introduced one P. W. Yarrell, for the purpose of proving that he, the said Yarrell, as agent of the defendant, with authority to

do so, hired the said negroes for said year, agreeing to pay for them the said sum. The witness, in reply to the defendant's counsel, admitted that the contract was reduced to writing; and the following paper writings, produced by the plaintiff's counsel, were identified as embodying the contract:

"Twelve months after date we promise to pay Philemon Holland, or order, Three Hundred and Ninety-three Dollars and Seventy-five Cents, for the hire of my negro men, Brister, Lewis and James, and furnish them with good clothing, shoes, hat and blanket, and work them for the present year, for value received.

"Witness our hands and seals, January 1st, 1861.

(Signed)  P. W. YARRELL,
Agent for David Clark. [SEAL.]

C. B. WOOD. [SEAL.]

The other paper writing was of the same form and tenor, except that it was for the payment of $131.25 for the hire of negro man George.

The witness, Yarrell, further stated that he delivered the said bonds to plaintiff. The plaintiff then proposed to show some parol agreement concerning the hiring of the slaves, but upon objection by the defendant, the evidence was ruled incompetent by the Court.

His Honor intimated an opinion that assumpsit would not lie, as there were specialties for the same subject matter, unless there had been notice of a recision of the contract, or a surrender of the specialties, or a release; and the plaintiff thereupon submitted to a judgment of non-suit and appealed.

No counsel for the plaintiff.
*Haughton* for the defendant.

BOYDEN, J. The defendant's counsel lays down the doctrine too broad, when he attempts to maintain the position that, if the plaintiff has a remedy by an action of covenant against one

person, he cannot sue in assumpsit another person for the same claim. It has been repeatedly decided in this Court, that where one partner signs his own name and affixes his seal, and then signs the name of his copartner, and affixes a seal to his name, having no authority under seal thus to sign, the party with whom this contract is made may sue, in debt or covenant, the partner who in person made the contract, and that he cannot sue the other partner upon contract under seal, but that he may sue him in assumpsit. See the cases *Fronebarger* v. *Henry*, 6 Jones 548, *Fisher* v. *Pender*, 7 Jones 483, and cases there cited. So, in our case, the plaintiff might sue the surety who signed the instrument and affixed his seal, in covenant, but he could not bring covenant against the defendant Clark, for the reason that the agent Yarrell had no authority under seal from Clark to sign such an instrument; but the agent having authority to hire the said slaves, and the defendant having received the slaves, and having had the benefit of their services for the year, the plaintiff may maintain assumpsit for that service and would be entitled to recover the sum agreed upon for their hire.

The learned counsel was also mistaken, in the doctrine of merger as applied to this case.

Had the defendant Clark signed and sealed the instrument sued on, then although a parol contract, for the hire of the slaves, had been made previous to the execution of the covenant, and the covenant thereafter executed embodying the same contract, then the parol contract would be merged in the higher security. But in our case Clark had not signed the covenant, and therefore there is no ground for the doctrine of merger.

The law in such a case as the present has been too long and too well settled to be now open for discussion. See the opinion of Chief Justice Ruffin in the case of *Fronebarger* v. *Henry*, 6 Jones 548, and also the case of *Osborne* v. *High Shoal Manufacturing Co.*, 5 Jones 177.

It is well settled that, in our case, the plaintiff might have brought debt or covenant against Wood, the surety who had

signed and sealed the bond; and that Yarrell could not be sued upon the bond, but that assumpsit might be maintained against Clark, and a release to Yarrell or Wood was wholly unnecessary to enable the plaintiff thus to sue.

There was error. This will be certified.

PER CURIAM.                            *Venire de novo.*