McCANNA & FRASER CO. v. CITIZENS' TRUST & SURETY CO. OF PHILADELPHIA.

(Circuit Court of Appeals, Third Circuit. October 23, 1896.)

No. 33.

FOREIGN CORPORATIONS—COMPLIANCE WITH LOCAL LAWS—SURETY BONDS.
    A surety bond taken as security for the conduct of an agent of a foreign corporation which undertakes to do business in Pennsylvania without complying with the requirement of the second section of Act April 22, 1874, that a statement showing the title and object of the corporation, the location of its officers, and names of its agents, etc., shall be filed in the office of the secretary of the commonwealth, is invalid. 74 Fed. 597, affirmed. Thorne v. Insurance Co., 80 Pa. St. 15, and Johnson v. Hulings, 103 Pa. St. 498, followed.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was an action by the McCanna & Fraser Company against the Citizens' Trust & Surety Company of Philadelphia to recover upon a surety bond.

John W. Shortledge, for plaintiff in error.
David J. Myers, Jr., for defendant in error.

Before DALLAS, Circuit Judge, and BUTLER and WALES, District Judges.

BUTLER, District Judge.    The suit is on a surety bond given by the defendant to the plaintiff—the latter being a corporation of Wisconsin.    The bond recites that the plaintiff has appointed S. Ridgway Kennedy its manager, and that he is to enter into its service accordingly in Philadelphia, and then stipulates that the defendant will reimburse the plaintiff to the extent of $7,000 for such pecuniary loss, if any, as may be sustained by said employer by reason of the dishonesty of the employé, amounting to embezzlement or larceny, in connection with his duty as manager of the plaintiff's business.

An act of assembly of the commonwealth of Pennsylvania, approved April 22, 1874, requires every foreign corporation undertaking to do business in the state of Pennsylvania to establish an office here, and to appoint an agent for the transaction of business; and the second section declares that it shall not be lawful for any such corporation to do any business in this commonwealth until it shall have filed in the office of the secretary of this commonwealth a statement under the seal of the corporation and signed by the president and secretary thereof showing the title and object of the corporation, the location of its office or offices, and the name or names of its agent or agents, etc.

The third section declares that any person or persons, agent or agents, officer or employé of such foreign corporation who shall transact any business in this commonwealth without compliance with the provisions of the act shall be guilty of a misdemeanor, and on conviction thereof shall be punished by imprisonment, etc.

The plaintiff did not comply with the second section, and consequently its business transacted here was unlawful.    The construction and effect of the statute have several times been considered by the supreme court of the state (whose decisions in this regard are binding on us) and that court has held that the transaction of business in Pennsylvania by a foreign corporation, under such circumstances, and all contracts pertaining to it, are unlawful.    In Lasher v. Stimson, 145 Pa. St. 30 [23 Atl. 552], it is said:

"These terms are not onerous, or in conflict with any constitutional provision or rule of public policy.    But they are clearly prohibitory, and they indelibly stamp as unlawful any business transaction within the state, by a foreign corporation which has not complied with them.    It is only by its observance of them that it can have a legal existence for business purposes within this jurisdiction, or acquire contractual rights which our courts will recognize.    Thorne v. Insurance Co., 80 Pa. St. 15."

It will be observed that the court in its construction adopts the principles of the case of Thorne v. Insurance Co., in which it was held that, when a foreign insurance company has not complied with the act under which alone it is authorized to transact business in Pennsylvania, there can be no recovery by the company upon a bond given by its agent, with sureties, conditioned for paying over moneys of the company received by him.    Johnson v. Hulings, 103 Pa. St. 498, is to the same effect.    Thus it results that the bond in suit must be regarded as taken to protect the plaintiff while engaged in prosecuting its business in violation of law.    It is substantially a contract to protect the plaintiff against loss while engaged in vio-

lating the law. It requires no argument to demonstrate that such a contract is invalid. The point made by the plaintiff's counsel, that inasmuch as the appointment of the agent was lawful the bond taken as security for his conduct is not liable to the objection urged, is ingenious, but is not sound. The conduct contemplated relates to his prosecution of the unlawful business stated. It is true that the defendant may not have known or supposed that the business would be undertaken without compliance with the statute. It is immaterial, however, what the defendant's understanding was in this respect. It must be inferred that the plaintiff contemplated a disregard of the law from the beginning; inasmuch as he subsequently violated it. In any view that can be taken of the subject the fact remains that the plaintiff is seeking to enforce a contract entered into for the purpose of securing it in conducting a business forbidden by law; and such a contract is necessarily void.

The judgment is affirmed with costs.