COUNTY OF KEITH V. OGALALLA POWER & IRRIGATION COMPANY ET AL.

FILED FEBRUARY 19, 1902.    No. 10,760.

Commissioner's opinion, Department No. 2.

1. Contract: BOND: CONSIDERATION: OBLIGEE. A bond given to secure performance of a contract between the principal and the obligee is without consideration, if the obligee is not bound by such contract.

2. Precinct Bond: INTERNAL IMPROVEMENTS: NOTICE: TERMS OF PROPOSITION: AUTHORITY OF COUNTY COMMISSIONERS. Where bonds are voted by a precinct in aid of a work of internal improvement under section 14, chapter 45, Compiled Statutes, the terms of the proposition set forth in the notice of election are to be taken as defining the authority of the county commissioners in contracting with reference to such improvement.

3. Strict Compliance. In such case the voters of the precinct are entitled to demand strict compliance with the contract which they authorized, and a contract differing substantially as to the parties thereto or terms thereof from that voted upon, is not binding upon the municipality.

ERROR from the district court for Keith county. Tried below before SULLIVAN, J. Affirmed.

*H. E. Goodall, Gaines, Kelby & Storey, John H. Bower, Edward R. Duffie* and *James H. Van Dusen,* for plaintiff in error.

*N. P. McDonald* and *Edwin E. Squires, contra.*

POUND, C.

This is an action upon a bond given by the Ogalalla Power & Irrigation Company and certain sureties to the county of Keith and Ogalalla precinct therein to secure performance of a contract between the company and the county commissioners of said county acting for the precinct. Several questions of importance have been argued, but we deem one of them so decisive that we shall confine ourselves thereto. One Solon L. Wiley presented a written proposition to the county commissioners, proposing to construct a water power and irrigation canal from a point on the South Platte river about thirteen miles above the village of Ogalalla to said village, if bonds of the precinct to the amount of $35,000 were donated in aid of the enterprise. Upon petition of upwards of fifty freeholders of the precinct the county commissioners called an election, at which the issuance of such bonds was authorized. Thereafter Wiley organized the defendant corporation, which entered into a contract with the commissioners for the construction of a canal and proceeded with the work. The bond in suit was given to secure full performance of that contract. The lower court held, we think correctly, that the contract was invalid, and not binding upon the precinct, and hence that the bond was without consideration, and unenforceable. While at common law a bond was a formal contract, requiring no consideration, there can be no question that our statute abolishing private seals has reduced it to the level of all other agreements and made it a simple contract. *Luce v. Foster,* 42 Nebr., 818. Where a bond is given to secure performance of a contract, the entering into such contract by the obligee is obviously its consideration, and, if the contract made is not binding upon the obligee, and he has done nothing of any legal validity or effect, the bond must fail. Where bonds are voted by a municipality in aid of a work of internal improvement under section 14, chapter 45, Compiled Statutes, the voters are entitled to demand strict

compliance with the contract which they authorized. The section cited provides that notice shall be given prior to the election, as required in cases where bonds are voted by a county; and the statute governing such cases requires that the whole question shall be contained in the published notice. Compiled Statutes, 1901, ch. 18, art. 1, sec. 28. Hence it is manifest that the terms of the proposition set forth in the notice of election are to be taken as defining the authority of the county commissioners conferred by such election. The notice stated that the bonds were to be issued for the purpose of being donated to S. L. Wiley to aid in the construction of an irrigating and water power canal, and that they were not to be delivered to said Wiley until he entered into a good and sufficient undertaking to perform all the terms of "his propositions made to said precinct, and now on file in the office of the county clerk of Keith county." The proposition was signed by Wiley, but purported to be made by Wiley and "his associates or assigns." But we do not think the voters of Ogalalla precinct intended to deal with any such indefinite and unknown persons. They did not vote on the proposition made by Wiley to aid him or his associates or assigns, but their action was limited to a donation to him in aid of his undertaking. Nowhere in the notice is any one else suggested. The reference to the written proposition only incorporates the terms as to what Wiley was to do. It can not supersede the plain and express statement in the notice itself as to the party with whom the precinct was to deal. We do not doubt that it would have been proper for the county commissioners to enter into a contract embodying the terms of the proposition, and to take a bond securing performance of such contract. That would be equivalent to incorporating the terms of the proposition in the bond authorized and required by the election. But they did not do this. Not only did they make a contract with a different person, for Wiley's ownership of stock in the corporation, whatever the amount, would not make them legally identical (*Humphreys v. McKissock*, 140 U. S., 304; *Button*

*v. Hoffman,* 61 Wis., 20, 20 N. W. Rep., 667), but they varied the terms of the proposition referred to in the notice of election in many particulars. For instance, the proposition was that Ogalalla precinct should have the use of the water for domestic purposes. But the contract secured by the bond in suit provides only that the company should furnish water to Ogalalla village for domestic purposes, fire protection and water-power. We take judicial notice that Ogalalla village, territorially, is but a small portion of the precinct, and it is obvious that this departure might have altered the result very materially had the voters passed upon the proposition in its changed form. A contract differing substantially as to the parties thereto or terms thereof from that voted upon, is not binding upon the precinct. *George v. Cleveland,* 53 Nebr., 716, and cases cited. In *George v. Cleveland* this court said that the compliance must be "strict and literal." But even if a fair and substantial compliance were sufficient, we think the precinct in this case could have repudiated the contract and prevented its execution, and hence that the bond is unenforceable. *Edwards County v. Jennings,* 33 S. W. Rep. [Tex. Civ. App.*], 585. We have no doubt that the moneys paid out under this contract may be recovered back from those to whom they were paid. Whether the petition was sufficient to authorize a judgment of that kind against the company we need not decide, as the petition in error and the briefs raise no such question. This action is to recover on the bond, and its object is so stated by counsel for plaintiff in error. As there could have been no action on the contract, there can be none on the bond for its nonperformance.

We recommend that the judgment be affirmed.

Sedgwick and Oldham, CC., concur.

By the Court: For the reasons set forth in the foregoing opinion, the judgment of the district court is

AFFIRMED.

*This case does not appear in 11 Texas Civil Appeals, its chronological place. It was probably not officially reported.—Reporter.