THOMAS G. BASNIGHT v. AMERICAN MANUFACTURING COMPANY
AND SOUTHWESTERN SURETY INSURANCE COMPANY

(Filed 3 October, 1917.)

**Public Policy—Contracts—Statutes—Principal and Surety—Estoppel.**

A bond guaranteeing the performance of a "trade expansion contract" which is contrary to our statute against lotteries and gift enterprises (Rev., 3726) and the public policy of our State (*Mfg. Co. v. Benjamin Sons,* 172 N. C., 53), is as unenforcible against the surety thereon as the

contract upon which it is founded; and the defendant surety, in an action on the bond, cannot be estopped, in pleading his defense, upon the ground that by reason of the endorsement of the surety the plaintiff was induced to part with his money.

CIVIL ACTION, tried before *Stacy, J.*, and a jury, at March Term, 1917, of PITT.

Service of process having been obtained as to defendant, the surety company, the issue of liability was determined only as to said surety.

At the close of plaintiff's testimony, on motion, there was judgment of nonsuit, and plaintiff, having duly excepted, appealed.

*Skinner & Cooper and S. J. Everett for plaintiff.*
*F. G. James & Son for defendant.*

HOKE, J. There was allegation, with evidence on the part of plaintiff tending to show that in 1912 the plaintiff, owning a pharmacy business in Greenville, N. C., entered into a contract with the American Manufacturing Company, whereby the latter, in consideration of the sum of $1,800, three-fourths of which had been paid, agreed to procure an increase in plaintiff's business of $20,000 within twelve months from date, or to pay plaintiff 9 per cent on any sum that said increase should fall short of the stipulated amount; that this increase was to be brought about by means of an extensive advertising scheme, owned and copyrighted by the company, which was passed to plaintiff, accompanied with a book of instructions giving full directions as to how to make the same effective, and embracing a voting contest and the offer of an automobile and other prizes in the effort to stimulate plaintiff's trade and patronage.

To secure proper performance of the contract on its part, the company entered into a bond in the sum of $1,800, which bond, attached to the contract, was guaranteed by the endorsement of the defendant, the American Surety Company.

The plaintiff has duly performed all the dependent stipulations of the agreement on his part, but defendant failed to obtain the increase of business, the deficit amounting to something like $15,000.

The action is instituted on the bond to recover the 9 per cent of this amount, service of process being obtained only on the surety company.

We do not make more extended reference to this plan, sold to plaintiff and not inaptly termed a "trade expansion scheme," for the reason that it cannot be distinguished in any esential particular from one of a very similar kind presented for our consideration in the recent case of *Brevard Mfg. Co. v. Benjamin,* 172 N. C., 53, and which was there held to be in violation of our statute against lotteries and gift enterprises (Rev., sec. 3726) and contrary to our public policy, to which this statute gives expression.

Plaintiff does not seriously argue that the present contract, in its terms and meanings, is not within the application of the decision referred to, but contends that the principle should not be allowed to prevail in this instance because the suit, being against the surety only, and it appearing that plaintiff, having been induced to part with his money by reason of the endorsement of the surety, the latter should be estopped from maintaining this defense; but such a position cannot for a moment be allowed. The bond signed by the present defendant, guaranteeing due performance of the contract, and attached to and made a part of it, is in direct aid of the illegal agreement, and recovery on it can no more be upheld than on the contract itself. This position of a contract by estoppel or recoveries by reason of such a principle, and more usually presented in contracts by corporations and their agents, is sometimes sustained when the impeaching facts have reference to the capacity of the parties to make the contract; but, so far as we are aware, the position is never allowed to prevail when the agreement itself is esentially vicious or contrary to public policy or express provisions of the statute law. In such case the doctrine of estoppel is not recognized, and no recovery can be had in the courts, either against principal or surety. *Brown v. Bank,* 137 Ind., 655; *McCanna & Frazer v. Citizens Trust Co.,* 76 Fed., 420; *County of Keith v. Power Co.,* 64 Neb., 35; Bigelow on Estoppel (6th Ed.), p. 497; Brant on Suretyship, sec. 19; Bead on Contracts, sec. 1499.

In *Brown's case, supra,* it was held, among other things: "That a person who has derived benefit from a contract that is void, as against public policy, is not estopped thereby to defend against such a contract when it is sought to be enforced against him."

And in Brant on Suretyship (3d Ed.), sec. 19: "It is essential to the contract of suretyship that there be a contract or obligation on the part of the principal to which the contract of suretyship is collateral. If there is no principal contract, or if the principal contract is void as against public policy, etc., there can be no contract of suretyship."

We find no error in the record to plaintiff's prejudice, and the judgment of nonsuit is

Affirmed.