EDGEWOOD KNOLL APARTMENTS, INC., v. M. P. BRASWELL, SR., AND M. P. BRASWELL, JR., DOING BUSINESS AS M. P. BRASWELL & SON, AND UNITED STATES CASUALTY COMPANY, A CORPORATION.

(Filed 13 October, 1954.)

**Principal and Surety § 6—**

> The surety on a contractor's bond is not entitled to a credit for the sum required to be retained by the owner during the progress of the work when it appears from the surety's own pleadings and evidence that final payment to the contractor, including the percentage retained, had been made under the contract and that the claim arose after final acceptance of the work and related to defects which were undiscoverable when the work was approved by the FHA inspector, and which under the terms of the contract were not waived by final acceptance and payment for the work in full.

PETITION to this Court by defendant, United States Casualty Company, a corporation, appellant, to rehear this case, reported in 239 N.C. 560,

80 S.E. 2d 653, allowed on one question only, to wit: "Is defendant Surety Company entitled to credit in the amount of the sum retained by plaintiff during the progress of the work as provided by the contract and later paid to Braswell Bros.?"

The facts shown in the record on appeal are sufficiently stated in the opinion to which the petition to rehear relates.

*Harkins, Van Winkle, Walton & Buck for plaintiff, appellee.*
*Meekins, Packer & Roberts for defendant, petitioner.*

WINBORNE, J. In the closing paragraph of the opinion in the case reported as above set forth it is stated: "The appellant, Casualty Company, brings forward in its brief assignments of error based upon exceptions relating . . . to the refusal to submit issues tendered, . . . to the failure of the court to charge as requested, to denial of motion to allow this appellant credit for last payment of $7,960.00 made by plaintiff to defendant 19 December, 1950 . . . All these have been duly considered, and express treatment of each serves only to unduly extend this opinion, since no prejudicial error in them is made to appear." And, after due consideration of arguments advanced and authorities cited in brief of petitioner, appellant Casualty Company, the conclusion there reached is held to be correct.

At the threshold, it is seen that the United States Casualty Company, answering the complaint of plaintiff, makes no reference to any retained percentage, or to matter of over-payment to the contractor. Indeed, the only affirmative defense pleaded by it, in its further answer and defense, is that, under the provisions of paragraph two of the conditions of the bond, this action is barred for that it was not instituted within the time limit. And in this connection, it averred "that although the aforementioned contract between the plaintiff and the defendants . . . Braswell . . . specified no date for the completion of such contract, said contract was in fact completed on or about 15 August, 1950, and the work thereunder approved by the Federal Housing Administration and accepted by the plaintiff on or about said date." This was the theory of the defense upon the trial in Superior Court. And upon such trial all the evidence tended to show, and appellant, Casualty Company, in original brief filed on the appeal to this Court, states, that on 19 December, 1950, final payment was made by the plaintiff to the defendants.

It is now pointed out that paragraph 4 of the contract provides that "the balance of the contract price shall be paid when apartment project has been completed and approved and final disbursement made under FHA loan." The date when this was done was 19 December, 1950.

Furthermore, this action grows out of a condition that came to light several months after it was thought that the project had been completed. Under the specification for plastering it was stipulated that, if desired, vermiculite might be used as aggregate in lieu of sand for the base coat of plaster in all spaces except baths. And when the plastering in all the bathrooms began to fall, it was ascertained that vermiculite had been substituted for sand. This violation was not known to the plaintiff, nor was it known to the FHA inspector at the time he approved the project as complete. And the recovery of the consequent damage is the gravamen of the present action.

In this respect, the contract provides that: Braswell "guarantees . . . that the lathing and plastering shall be installed in a thorough manner . . . and shall be approved by the FHA project inspector; and shall be responsible for defects which develop due to faulty workmanship during the period of one year from date of final acceptance of the work at no charge to the party of the first part (the owner). Final acceptance and payment in full for such work will not waive any of this guarantee." Hence the matter of balance of contract price had no connection with this case.

Therefore, in the light of these observations, the conclusion reached in the opinion as reported in 239 N.C. 560 in respect to the question here involved, is held to be correct. The petition to rehear is denied.

Petition denied—Appeal dismissed.