## Richmond

A. R. TUTTLE, T/A, ETC., ET AL. v. DONALD M. HADDOCK, TRUS-
TEE, ETC., ET AL.

June 12, 1972.

Record No. 7617.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*John W. Edmonds, III (C. Cotesworth Pinckney; Ralph G. Louk;
Charles L. Shumate; Mays, Valentine, Davenport & Moore; Kelly,
Louk, Lawson & Chess,* on brief), for appellants.

*Donald H. Kent,* for appellees.

I'ANSON, J., delivered the opinion of the court.

Donald L. Haddock, Trustee in Bankruptcy for Robert E. Holt and
Velma E. Holt, filed a motion for declaratory judgment praying that
a note made by the Holts and held by A. R. Tuttle, trading as
Bonded Investors Co., and Katherine F. Tuttle, and the second deed
of trust securing the note be declared null and void because the rate
of interest charged violated certain usury statutes. The material facts
were stipulated, and the chancellor entered his decree declaring that
the note and the second deed of trust were null and void and unen-

forceable by virtue of the provisions of Code § 6.1-330, as amended, and § 6.1-330.1. We granted the Tuttles an appeal.

The facts stipulated by the parties are summarized as follows: On September 3, 1968, the Tuttles made a loan to the Holt Corporation, of which Robert E. Holt was president, four months after the corporation was organized. The loan was evidenced by five $5,000 notes and the proceeds therefrom were to be used for corporate purposes. Robert E. Holt and Velma E. Holt, his wife, as individuals, "assured" the repayment of the loan made to the corporation by executing and delivering to the Tuttles a note in the amount of $25,000 which was secured by a second deed of trust on a "one-family residential dwelling" owned by the Holts and rented by them for residential purposes. The rate of interest on the note secured by the deed of trust was the same as that on the corporate notes. The rate of interest on the loan was in excess of that permitted on loans to natural persons under Code §§ 6.1-330 and 6.1-234, as amended. The "one-family residential dwelling" passed by operation of law to Donald H. Haddock, Trustee in Bankruptcy for Robert E. and Velma E. Holt, Bankrupts.

The Tuttles first contend that since the defense of usury was unavailable to the Holt Corporation under the provisions of Code § 6.1-327, the Holts, as guarantors of the corporate loan, and their trustee in bankruptcy, could not avail themselves of this defense.

Section 6.1-327, found in Chapter 7 of the Code under the title "Money and Interest," provides that:

> "No corporation shall, by way of defense or otherwise, avail itself of any of the provisions of the preceding sections of this chapter, to avoid or defeat the payment of any interest which it has contracted to pay; nor shall anything contained in any of such sections be construed to prevent the recovery of such interest, though it be more than legal interest * * *."

Thus it is argued that under the generally accepted rule, when a statute withdraws the defense of usury from a corporation, the individual guarantors, sureties and indorsers of corporate obligations, as well as the corporation, are precluded from interposing usury as a defense. 91 C.J.S., Usury, § 74, at 650-51; Annotation: 63 A.L.R. 2d 924, 950 (1959); 53 Va.L.Rev. 327, 349 (1967).

Code § 6.1-327, which by its express terms applies to the

provisions of Chapter 7 of which it is a part, and the principle relied upon by the Tuttles are not applicable under the agreed stipulation of facts in the present case. Section 6.1-330, as amended, and 6.1-330.1(a), found in Chapter 7.1 of the Code under the title "Interest and Charges on Certain Secured Loans," are controlling here.

The pertinent part of Code § 6.1-330, before the 1970 amendment, provided:

"(a) No person, copartnership, association, trust, corporation or other similar legal entity shall directly or indirectly charge, take or receive for a loan secured in whole or in part by a mortgage or deed of trust other than a first mortgage or deed of trust, on residential real estate improved by the construction thereon of housing consisting of four or less family dwelling units, an amount in excess of that permitted by § 6.1-234[1], whether payable directly to the lender or to a third party in connection with such loan. * * *"

Code § 6.1-330.1(a) reads as follows:

"Any contract, note, mortgage, or deed of trust made or received in violation of this chapter shall be null and void and unenforceable by the lender or by his assignees, who are agents or principals of the lender."

Under the stipulated facts it is evident that the corporate notes and the personal note of the Holts were secured by the second deed of trust on the Holt property. It was conceded that the rate of interest on the loan was in excess of that allowable under Code §§ 6.1-330 and 6.1-234. Thus the Tuttles did "directly or indirectly" charge, take or receive for a loan secured in whole or in part by a deed of trust other than a first deed of trust, on improved residential real estate consisting of four or less dwelling units, an amount not permitted under Code §§ 6.1-330 and 6.1-234. Under the provisions of Code § 6.1-330.1(a) the note made by Robert E. and Velma E. Holt and the second deed of trust executed to secure the note are null, void and unenforceable.

---

[1] Section 6.1-234, as amended, found in Chapter 5 of the Code of 1950, 1966 Repl. Vol., 1971 Cum. Supp., provides the amount of interest, investigation fees and fines that industrial loan associations may charge. Section 6.1-234.1, Acts of 1970, Ch. 576, increased the amount of interest that may be charged.

■ We do not agree with the Tuttles' second contention, that the one-family residential dwelling was not "residential real estate," as that term is used in Code § 6.1-330, because it was rented to a third party at the time the loan was made. The statute makes no distinction between "rental" and "residential." If the legislature had so intended it could easily have stated "owner-occupied residential real estate." The language in the statute, "residential real estate improved by the construction thereon of housing consisting of four or less family dwelling units," belies the contention that the Holts were required to occupy the residential property to come within the protection of the statute.

For the reasons stated, the decree is

*Affirmed.*