## Louis K. Piatkowski, et al.

v.

## Ralph D. Kaiser Company, Inc., et al.

April 20, 1979.

Record No. 771790.

Present: All the Justices.

*L. Farnum Johnson, Jr. (Paul A. Burns,* on brief), for appellants.

*Glenn C. Lewis (Sandground & Good,* on brief), for appellees.

PER CURIAM.

This appeal stems from an agreement to lend sums of money to individual borrowers for business purposes at a rate of interest greater than the legal rate. The question presented is whether the defense of usury was applicable to these business loans. We conclude that it was not and affirm.

Seeking statutory relief from usurious transactions, the borrowers, Louis K. Piatkowski and Lori J. Piatkowski, his wife, residential property owners in Fairfax County, filed a bill of complaint against the lender Ralph D. Kaiser Company, Inc., and Mark B. Sandground and James B. Lockwood, Jr., trustees in deeds of trust in two separate loan transactions. The trial court sustained a demurrer filed by defendants, holding that the provisions of Code § 6.1-330.44[1] barred the relief sought in this suit. We granted the borrowers an appeal to the December 1977 final order dismissing the action.

The following facts are disclosed by the bill of complaint which on demurrer, of course, are taken as true. In May and November of 1976, the borrowers in consideration of loan proceeds totalling $38,000, executed a series of promissory notes each bearing a usurious rate of interest. Simultaneously with the execution of the notes, the borrowers executed two subordinate deeds of trust on their residential property, which was improved by four or less family dwelling units, to secure the payment of the notes. Plaintiffs alleged that they "borrowed such funds for the acquisition or conduct of a business . . . ." Plaintiffs also alleged in this suit filed in October of 1977 that the lender (1) had notified them of their default in the payment of the notes and (2) stated that it intended to institute foreclosure proceedings to subject the real estate to sale by the trustees. Plaintiffs requested the court below, *inter alia*,

---

[1]§ 6.1-330.44. **Defense of usury not applicable to certain business loans.** — No person shall, by way of defense or otherwise, avail himself of the provisions of this chapter, or any other section relating to usury to avoid or defeat the payment of interest, or any other sum, when such loan is made to an individual or individuals or other entity for the acquisition or conduct of a business or investment as sole proprietor, owner, joint venturers or owners provided the initial amount of the loan is five thousand dollars or more.

For the purposes of this section, if a borrower shall represent in his own handwriting the purposes of the loan, such representation shall be conclusive and binding upon him.

For the purposes of this section, unless a loan is for family, household, or personal purposes (which shall not include a passive or active investment), it shall be deemed to be for business or investment purposes within the meaning of this section.

to declare the notes and deeds of trust void and unenforceable *ab initio* under Code § 6.1-330.47.[2]

In the order sustaining the demurrer and dismissing the suit, the court below decided that Code § 6.1-330.44 was "a complete bar" to plaintiffs' claim for relief under Code § 6.1-330.47, observing that the promissory notes given by plaintiffs "were executed to evidence loans for a business purpose".

In a convoluted argument on appeal, the borrowers note that the second paragraph of Code § 6.1-330.47(A), the nullifying statute, refers to Code § 6.1-330.16, which, in part, establishes the interest rates to be charged under certain conditions when the loan is secured by a subordinate deed of trust on residential real estate improved by the construction of housing consisting of four or less family units. The borrowers argue that the terms of the second paragraph of Code § 6.1-330.47(A) somehow place that statute in "irreconciliable conflict" with Code § 6.1-330.44, the barring statute. To avoid this result, the borrowers assert, the nullifying statute should be construed to render void all notes, secured by subordinate deeds of trust on qualifying residential property, which bear usurious interest, whether the purpose of such notes be personal or business, while the barring statute should be construed as applying "to all other business purpose loans whether secured or unsecured." Therefore, the borrowers conclude that the barring statute should not be applied in this case. We disagree.

The borrowers have misapplied two decisions of this court and have misinterpreted certain legislative enactments which. responded to those decisions. In 1972, we decided *Tuttle* v. *Haddock*, 213 Va. 63, 189 S.E.2d 363 (1972), and *Heubusch & Reynolds* v.

---

[2]**§ 6.1-330.47. Contracts, etc., in violation of §§ 6.1-330.16 and 6.1-330.24, waivers and releases void.** — A. Any contract, note, mortgage, or deed of trust made or received and providing for interest charges in excess of those permitted by §§ 6.1-330.16 and 6.1-330.24, except as hereinafter provided, shall be null and void and unenforceable by the lender or by his assignees, who are agents or principals of the lender.

The provisions of this section shall apply only to loans made under § 6.1-330.16 and shall not apply to any contract or note, or mortgage or deed of trust securing such obligation, which has been assigned to a person who is not the agent or principal of the lender, if such assignee has taken the note or obligation in good faith and in reasonable reliance upon the provisions of § 6.1-330.44.

B. Any agreement whereby the borrower waives the benefits of this chapter or releases any rights he may have acquired by the virtue thereof shall be deemed to be against public policy and void.

*Boone,* 213 Va. 414, 192 S.E.2d 783 (1972). In those decisions, we held, *inter alia,* that the express terms of Code § 6.1-327 (Repl. Vol. 1966), which prohibited a corporation from advancing the defense of usury, did not prevent the corporation from invoking Code § 6.1-330.1 (Repl. Vol. 1966), the predecessor of the nullifying statute involved here.

Section 6.1-327 was a sister statute to Code § 6.1-327.1 (Cum. Supp. 1972), a predecessor of the business purpose barring statute in issue here, which by analogy to *Tuttle* and *Heubusch* suffered from the same defect in its terms as the corporate barring statute and was therefore also not applicable to the nullifying statute. In 1973, the General Assembly amended § 6.1-327.1 to prevent a business purpose borrower from using the nullifying statute under certain circumstances. *See* 1973 Acts, ch. 318. In 1974, the legislature enacted a second business purpose barring statute, Code § 6.1-319.3 (Cum. Supp. 1974), *see* 1974 Acts, ch. 393, which differed from Code § 6.1-327.1 (Cum. Supp. 1974) in that it did not require that the business purpose loan be secured by a subordinate deed of trust on residential property improved by housing consisting of four or less family units. In 1975, the General Assembly reorganized the statutes concerning usurious transactions and, realizing that Code § 6.1-327.1 was "encompassed in the broader language of Code § 6.1-319.3 . . .", 3 *1975 House & Senate Documents,* S. Doc. No. 38, at 10, combined the two business purpose barring statutes into the current statute, Code § 6.1-330.44. *See* 1975 Acts, ch. 448, at 778.

With this review of the legislative history of the current business purpose barring statute, it is clear that the General Assembly intended to prevent the use of the nullifying statute where an allegedly usurious loan in an initial amount of five thousand dollars or more was obtained for a business purpose, whether it was secured by a subordinate deed of trust on qualifying residential property or not. Thus, the barring statute is not limited in application only to business purpose loans secured by first deeds of trust, subordinate deeds of trust on commercial or non-qualifying residential real estate, or to unsecured loans, but is also applicable to loans secured by subordinate deeds of trust on residential property improved by housing consisting of four or less family units. Therefore, the trial court correctly sustained the demurrer and properly applied the barring statute to prevent use of the nullifying statute.

For these reasons, we find no error in the action of the trial court. Consequently, the judgment in favor of the defendants will be

*Affirmed.*