21304

PALMETTO FEDERAL SAVINGS AND LOAN ASSOCIATION OF AIKEN, Plaintiff-Respondent, v. Henry S. MULLEN, Deanna Plat Mullen, Emanuel N. Agostas, John T. Persall, Jr., United States of America, Continental Can Co., Inc., First Union National Bank, Citizens and Southern National Bank, Umbaugh Builders, Inc., C. LaVaun Fox, Albert Cato, The Diners Club, Inc., Southern Adjustment Bureau, Gulf Oil Corporation, Hannes Anthony and South Carolina Tax Commission, Defendants, of whom all are Respondents except the defendant, John T. Persall, Jr., who is, Defendant-Appellant.

(270 S. E. (2d) 439)

---

*John T. Bodenheimer,* of *Bodenheimer, Busbee & Hickey,* of Aiken, and *Richard E. Miley,* of *Nixon, Yow, Waller & Capers,* Augusta, Ga., *for defendant-appellant.*

*Douglas S. Garvin,* of *Garvin, Fox, Zier & Burkhalter, Arthur D. Rich,* of *Lybrand, Rich, Cain & Simons, Gasper L. Toole, III,* of *Toole & Toole,* Aiken, *for plaintiff-respondent.*

Southern Adjustment Bureau, *pro se.*

*Neal W. Dickert,* of *Hull, Towill, Norman, Barrett & Johnson,* and *Christopher G. Nicholson,* Augusta, Ga., *Asst. Atty. Gen. G. Lewis Argoe, Jr.,* and *Asst. U. S. Atty. Eugene L. Stone,* Columbia, *Hugh Beasley,* of *Beasley & Beasley,* Greenwood, *John F. Bradford,* Atlanta, Ga., *Charles W. Coleman,* of *Coleman & Sawyer,* Edgefield, *Clyde O. Ackerman,* of *Ackerman, Woodard & Campbell,* Walterboro, and *Philip Wittenberg,* of *Levi & Wittenberg,* Sumter, *for defendants.*

September 16, 1980.

LEWIS, Chief Justice:

The issues in this appeal involve a dispute between junior competing mortgage holders to a limited fund remaining after the foreclosure sale of real estate. Entitlement to the remaining funds turns largely upon the availability of a defense of usury. The real estate was sold as a result of an action brought to foreclose a first mortgage given by respondents Henry S. and Deanna Platt Mullen, in which various subsequent mortgage holders, judgment creditors, and lien holders were joined as defendants, including appellant John T. Persall, Jr. and respondent Emanuel N. Agostas, the principal litigants in this appeal. We follow the agreed Statement in setting forth the issues.

The documents, out of which the present controversy arises, purport to show that the respondent Agostas loaned $20,000.00 to Summa Corporation, appellant Persall, and respondent Deanna Mullen, to be repaid in 90 days with $20,000.00 interest, for a total repayment of $40,000.00. The note prepared by respondent Agostas or his counsel was purportedly executed by Summa Corporation by appellant Persall, as president, and respondent Deanna Mullen, as vice president and treasurer, and also by appellants Persall and Deanna Mullen, individually, both whom then signed the note personally guaranteeing its payment. Concurrently, respondent Deanna Mullen executed and delivered to respondent Agostas the second real estate mortgage which is in issue in this appeal. Appellant Persall holds a third mortgage.

The issues in this appeal arise out of the contest between respondent Agostas, the holder of the second mortgage from respondent Deanna Mullen, and appellant Persall, the third mortgage holder, as to the amount respondent Agostas is entitled to recover under his mortgage and supporting documents. The basic amount in controversy is $20,000.00, that being the difference between the amount ($20,000.00) allegedly loaned by respondent Agostas to Summa Corporation and the amount ($40,000.00) claimed by him to be secured by his second mortgage; additionally, appellant Persall challenges the amount allowed to respondent Agostas as interest and attorney's fees.

Since the interest rate charged on the loan in question (100% for a period of ninety days) was clearly in excess of the legal rate and, therefore, usurious (Section 34-31-50, 1976 Code of Laws of South Carolina, as amended), the basic question in this appeal is whether the defense of usury is available to appellant.

The note in question purports, on its face, to be the joint obligation of Mrs. Mullen, appellant Persall, and Summa

Corporation. The lower court, however, affirmed findings by the master that the loan evidenced by the note was, in fact, to Summa Corporation. Therefore, in view of Code Section 34-31-80, making the defense of usury unavailable to certain corporations (applicable here to Summa Corporation), the lower court held that appellant, as guarantor of the loan to the corporation, could not avail himself of the defense of usury.

Appellant Persall contended on the other hand, that the loan transaction was, in fact, a personal loan to Mrs. Mullen, with Summa Corporation added as a maker solely in an attempt to avoid the usury laws of this State.

Admittedly, if the loan was to Mrs. Mullen, and not to Summa Corporation, the defense of usury would be available to appellant under Code Sections 34-31-50 and 34-31-70. Our inquiry then is to determine whether the loan was to Mrs. Mullen or to Summa Corporation. The master and trial judge have entered concurrent findings that the transaction was a corporate loan. We are, therefore, governed by the long established rule that this concurrent factual finding will not be disturbed on appeal unless it is without evidentiary support or is against the clear preponderance of the evidence.

The fact that the present note fails to show on its face that usurious interest was charged does not prevent the court from inquiring into the true nature of the transaction. In *Brown v. Crandall,* 218 S .C. 124, 61 S. E. (2d) 761, the principle was thus stated:

The courts will not hesitate to pierce the veil of any plan designed to evade the usury law and in doing so will disregard the form and consider the substance of the transaction.

We think the clear preponderance of the evidence requires a holding that the loan is a private loan and not one to a corporation.

Mrs. Mullen is a shareholder and officer of the Summa Corporation. As a result of certain construction work for the organization, she owed certain monies to Umbaugh Builders, Inc. The record indicates that she approached respondent Agostas concerning a loan because he had loaned her money in the past. He denied any prior loans. She proposed a loan of $20,000.00 with interest of $20,000.00. After some negotiation, they agreed to these terms of principal and interest with the entire amount due in ninety (90) days. Although the note endorsed by Mrs. Mullen indicates that it was given for an actual loan in the amount of $40,000.00, the respondent Agostas admitted that the terms of the agreement were as previously indicated, with the actual amount of the loan being $20,000.00. In the event the obligation was not paid when due, the note provided that it was to subsequently bear interest at the maximum legal rate. A collateral agreement was introduced by the respondent Agostas. It provides that the money acquired from the note was to be applied entirely to the indebtedness of Umbaugh Builders, Inc.

When asked if the $20,000.00 interest rate was appealing, respondent Agostas replied, "I said that I couldn't lend it to her individually. She could be responsible for it individually but it would have to go through a corporation." He was then queried as to his reason for the comment and he indicated, "Because I think by that time of year, I saw something about usury."

In addition to her signature to the note, Mrs. Mullen acquired the endorsement of the appellant in his individual capacity as well as in his capacity as the president of the Summa Corporation. No other officer of the corporation was aware of the transaction and the loan was not authorized by the corporation. Respondent Agostas never contacted the appellant.

Upon completion of the aforementioned endorsements, respondent Agostas gave the monies to Mrs. Mullen and

she apparently left for New York where the proceeds were spent. None of the monies were received by the Summa Corporation or applied to the indebtedness to Umbaugh Builders, Inc. After the corporation became aware of the transaction, they disaffirmed the loan and replaced appellant as corporate president.

The evidence clearly establishes that the loan was personal in nature and the medium of the corporation was to exact an otherwise usurious interest on a personal loan. Mrs. Mullen first applied for a personal loan and proposed the repayment of $40,000.00 for a $20,000.00 debt. The corporation loan plan was not conceived until it was discovered that a personal loan of 100% interest for ninety days would run counter to the usury laws. It was then, without differentiating between the amount of the debt and interest, the note was prepared for $40,000.00 with interest at the maximum legal rate thereafter, indicating an intent to conceal the actual interest involved, with Mrs. Mullen and appellant signing as co-makers.

While the loan has some trappings of a corporation loan, we think the clear preponderance of the evidence shows it is a personal loan, thereby permitting appellant to assert the defense of usury.

Appellant also challenges the award of 10% attorney's fee which was made by the trial judge in accordance with the terms of the note.

Code Section 34-31-50 provides that any person who shall receive or contract to receive usurious interest shall forfeit "all interest and the costs of the action." In rejecting the allowance of attorney's fees in actions to recover where usurious interest is involved, the court in *The Land Mortgage Company v. Gillam,* 49 S. C. 345, 359, 26 S. E. 990, held:

The intention of Section 1390 [now contained in Section 34-31-50] is to allow the plaintiff to recover *only* the sum

actually advanced; and to allow a fee for foreclosure of the mortgage would be to add to the statute. The plaintiff is not even allowed costs, and, for as strong a reason, counsel fees cannot be allowed.

Accordingly, the judgment is reversed and the cause remanded to the lower court for entry of judgment entitling respondent Agostas to recover only the principal amount of $20,000 without interest, costs, or attorney's fees.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.