COLONIAL ACCEPTANCE CORPORATION v. NORTHEASTERN PRINT-CRAFTERS, INC., L. F. AMBURN, JR., CHARLES O. TYSOR AND E. N. MANNING

No. 846SC1017

(Filed 4 June 1985)

Principal and Surety § 1.1— corporate surety—usury not a defense

The trial court properly granted summary judgment for plaintiff where defendant had raised the defense of usury in an action to recover an indebtedness from a corporation and its "guarantors," who in substance stood as sureties for the corporate debt. G.S. 24-9 prohibits a corporation or anyone in its behalf from claiming the defense of usury and a surety answers in behalf of the corporation and is precluded from raising the defense.

APPEAL by individual defendants from *Reid, Judge*. Judgment entered 23 May 1984 in BERTIE County Superior Court. Heard in the Court of Appeals 7 May 1985.

Plaintiff agreed in 1980 to advance business loans of up to $100,000 to defendant Northeastern, secured by a "Security Agreement" signed by defendant Amburn in his capacity as presi-

dent of Northeastern. Under the agreement, interest on the balance due was set at 9.5 percent plus the "formula rate," which was computed as 120 percent of the maximum commercial rate charged by New York banks. The effective interest rate under the agreement accordingly ran substantially over 20 percent throughout the loan period.

Amburn and co-defendants Tysor and Manning (all referred to hereinafter as "defendants") also executed a "Guaranty" simultaneously with and on the same form as the security agreement. Defendants, as individuals, guaranteed performance by Northeastern of all its contractual obligations. They agreed that their liability was "primary, direct and unconditional," enforceable without resort to prior action against Northeastern and without notice of default.

Northeastern defaulted in December 1982, owing at that time about $26,000. In March 1983 plaintiff filed the present action, seeking recovery of the indebtedness from Northeastern and defendants, "jointly and severally," as well as interest and attorney fees. Defendants attempted to raise the defense of usury, arguing that the interest on the corporate debt charged to them as individuals could not exceed the statutory maximum. On plaintiff's motion, the trial court granted summary judgment against defendants, specifically ruling that their defense of usury was "contrary to law." Defendants appealed.

*Pritchett, Cooke & Burch, by Stephen R. Burch, for plaintiff.*

*W. T. Culpepper, III, for defendants.*

WELLS, Judge.

The sole question presented by this appeal is whether these individuals may assert the defense of usury, or whether they are precluded therefrom by the provisions of N.C. Gen. Stat. § 24-9 (Cum. Supp. 1983).[1] This is a question of first impression in this state.

---

1. G.S. § 24-9 reads in full:

   Notwithstanding any other provision of this Chapter or any other provision of law, any foreign or domestic corporation substantially engaged in commercial, manufacturing or industrial pursuits for pecuniary gain may agree

The statute prohibits a corporation, "its successors or anyone else in its behalf" from claiming the defense of usury. We therefore look first to determine defendants' relation to the corporate debtor. The agreement is labeled "Guaranty," but its substance, not the label, controls. *Trust Co. v. Creasy*, 301 N.C. 44, 269 S.E. 2d 117 (1980). It is clear from the language of the agreement that defendants, being directly and immediately liable, stood as sureties for the corporate debt. *Id.; Casualty Co. v. Waller*, 233 N.C. 536, 64 S.E. 2d 826 (1951). While a surety's liability is primary, defendants' liability is not, as they now contend, indistinguishable from that of the corporation. N.C. Gen. Stat. § 26-1 (Cum. Supp. 1983); *see E'Town Shopping Center, Inc. v. Lexington Finance Co.*, 436 S.W. 2d 267 (Ky. App. 1969) (fact that liability of guarantor is same as co-maker does not mean that two are identical).

A surety is one who promises to answer for the debt of another. *Casualty Co. v. Waller, supra.* Although the surety's obligation depends on the existence of a valid obligation of the principal, the surety may be sued immediately upon default. *Id.* As such, the surety performs a valuable and necessary commercial service. We conclude accordingly that the surety answers "in behalf" of the corporation within the meaning of G.S. § 24-9 and would, under the plain language of the statute, be precluded from raising the defense of usury.

The North Carolina surety law we have found tends to support this view. The obligation of a surety is ordinarily measured by the obligation of the principal. *Edgewood Knoll Apartments v. Braswell*, 239 N.C. 560, 80 S.E. 2d 653 (contractual limitations, not those in surety agreement, control), *reh'g denied and appeal dismissed*, 240 N.C. 760, 83 S.E. 2d 797 (1954). And a surety has usually been held to his or her contract, *see Holland v. Clark*, 67 N.C. 104 (1872) (surety and principal's agent, but not principal, liable); *Governor v. Matlock*, 9 N.C. (2 Hawks) 366 (1823) (fact that bond for larger penalty than required by law immaterial), except where the entire agreement is unenforceable. *Basnight v. Manu-*

to pay, and any lender may charge and collect from such corporation, interest at any rate which such corporation may agree to pay in writing, and as to any such transaction the claim or defense of usury by such corporation and its successors or anyone else in its behalf is prohibited.

*facturing Co.*, 174 N.C. 206, 93 S.E. 734 (1917) (gaming contract). The legislature has recognized certain defenses of sureties as surviving provisions waiving defenses, but not usury. *See* N.C. Gen. Stat. § 26-9 (1965).

The usury statutes themselves formerly specifically limited the interest obligation of individual sureties on certain corporate indebtedness. N.C. Gen. Stat. § 24-8 (1965), *amended* 1969 N.C. Sess. Laws c. 1303, s. 5, *codified* N.C. Gen. Stat. § 24-8 (Cum. Supp. 1983). The statute under consideration here, G.S. § 24-9, has never contained such a limitation. Its repeal in G.S. § 24-8 suggests a legislative decision to preclude individual sureties from raising the defense of usury in *any* action on corporate debts.

By holding that individual sureties may not assert usury where the principal corporate debtor may not, we adhere to the clear majority rule. *See* Annot., 63 A.L.R. 2d 924 § 12 (1959 and Later Case Service 1984). No equitable factors which have motivated other states to allow the defense appear in this record. *See Tuttle v. Haddock*, 213 Va. 63, 189 S.E. 2d 363 (1972) (state law prohibited securing of loans with residential real estate); *Palmetto Federal Sav. and Loan Ass'n v. Mullen*, 275 S.C. 317, 270 S.E. 2d 437 (1980) (loan actually personal in nature, made through corporate intermediary to allow higher interest). *Meadow Brook National Bank v. Recile*, 302 F. Supp. 62 (E.D. La. 1969), relied on heavily by defendants, allowed the defense admittedly despite persuasive authority *contra* and with no case support, and constituted a federal prediction of state law. *Id.* As such, it is doubtful precedent, and has since been overruled by legislative enactment. *See Matter of LeBlanc*, 622 F. 2d 872, *reh'g denied*, 627 F. 2d 239 (5th Cir. 1980). Under substantially similar statutory language ("successors or anyone in their behalf") the Supreme Court of Georgia recently reached a result identical to that we reach today. *Fidelcor Mortgage Co. v. Tyroff*, 250 Ga. 900, 302 S.E. 2d 96 (1983).

We are aware of the many conflicting policy considerations involved in this case. *See generally* Comment, Usury Law in North Carolina, 47 N.C.L. Rev. 761 (1969). Those conflicting policy considerations are for the legislature to resolve, and it is our conclusion that under our present statutes, these conflicting considerations have been resolved against defendants.

Defendants ask that we nevertheless grant the corporation relief from an unconscionable contract. They did not plead unconscionability in the trial court, nor have they shown how the contract interest was oppressively higher than rates charged similar corporate borrowers. The question is not properly before us and we decline to reach it.

The order of the trial court is

Affirmed.

Judges JOHNSON and COZORT concur.