BANK OF STATESVILLE, STATESVILLE, NORTH CAROLINA v. BLACK-WELDER FURNITURE COMPANY

No. 7122DC375

(Filed 23 June 1971)

1. **Bills and Notes § 10; Uniform Commercial Code § 27— holder in due course — burden of proof**

   Purported holder in due course has the burden of proving, under both the Negotiable Instruments Law and the Uniform Commercial Code, that he is, in all respects, a holder in due course, which includes establishing the authority of a purported endorser to execute such endorsement. G.S. 25-3-307(3); G.S. 25-3-403(1).

2. **Bills and Notes § 10; Uniform Commercial Code §§ 27, 29— holder in due course — failure to show authority of agent to endorse note**

   Plaintiff failed to show that it was a holder in due course of a promissory note endorsed by a purported agent of the corporate payee where it merely introduced the note but offered no evidence to prove the authority of the purported agent to endorse the note for the payee, the endorsement itself being insufficient to prove such authority.

APPEAL by defendant from *Cornelius, District Judge,* 1 March 1971 Session of IREDELL County, General Court of Justice, District Court Division.

Plaintiff instituted this action to recover on a promissory note executed by defendant. Plaintiff alleged that it was an innocent purchaser for value of the note executed by defendant in the amount of $576.00 dated 8 November 1968 (date shown on note was "11-4-1968") and payable to the order of Harper Industries, Inc., Louisville, Ky. (Industries). On the back of the note appeared "Harper Industries, Inc. Alfred Edwards Agent."

After purchasing the note, plaintiff gave notice to defendant, and defendant made five monthly payments to plaintiff. There was no allegation or proof that defendant in any way induced plaintiff to purchase the note or that Edwards had any authority to transfer the note to plaintiff.

Defendant had executed the note in payment for some advertising material which was to be sent to the defendant. The advertising material was never received by the defendant, and the defendant refused to pay any further on the note and asserted that it had a good defense to collection of the note by

Industries. Plaintiff claimed to be a holder in due course of a negotiable instrument and therefore any defenses which defendant had as against Industries were not valid against the plaintiff.

Both parties moved for summary judgment and attached affidavits in support of the motions. Plaintiff introduced in support of its motion the note, together with the writing on the back thereof but did not offer any evidence as to the authority of Edwards to sign on the back as agent for Industries. Defendant objected to the note as being insufficient by itself to prove the authority of Edwards.

The trial judge found:

"There was no evidence tendered at the hearing on the motions for summary judgment to prove the endorsement on the back of the note or to prove the authority of the purported agent, Alfred Edwards, to endorse the note for Harper Industries, Inc."

The trial court further concluded as a matter of law:

"The endorsement on the back of the note was competent to prove both the endorsement and the authority of Alfred Edwards, agent, to endorse the note for Harper Industries, Inc."

The trial judge then found that the plaintiff was a holder in due course and that the defendant's defense of failure of consideration is not available as against the plaintiff.

From the judgment granting plaintiff's motion for summary judgment, defendant appealed.

*Sowers, Avery & Crosswhite by W. E. Crosswhite for plaintiff appellee.*

*Raymer, Lewis, Eisele by Douglas G. Eisele for defendant appellant.*

CAMPBELL, Judge.

The question presented to this Court is whether the endorsement on the back of the note was sufficient to prove both the endorsement and the authority of Edwards to endorse the note for Industries.

The case of *Whitman v. York*, 192 N.C. 87, 133 S.E. 427 (1926) presents a factual situation quite similar to this case. In that case the plaintiff acquired negotiable notes in good faith and for value without notice of any infirmity in either note or of any defect in the title by which the Paul Rubber Company, Payee, held the said notes. On the back of each note there appeared the words, "The Paul Rubber Company, by W. M. McConnell, Pres." The plaintiff, as the owner and holder of the notes, presented no evidence tending to show by whom the words on the back of the note were written. The trial judge instructed the jury to find that the plaintiff was not a holder in due course. Connor, J., speaking for the court, stated:

" . . . It is well settled by the decisions of this Court, as well as of other courts, and by approved text-writers, that words, written on the back of a negotiable instrument, purporting to be an indorsement by which the instrument was negotiated, do not prove themselves. The mere introduction of a note, payable to order, with words written on the back thereof, purporting to be an indorsement by the payee does not prove or tend to prove their genuineness. . . . "

Several authorities are cited in support of this statement including *Tyson v. Joyner*, 139 N.C. 69, 51 S.E. 803 (1905); *Mayers v. McRimmon*, 140 N.C. 640, 53 S.E. 447 (1906).

[1] Under the Law Merchant and the Negotiable Instruments Law, for a person to acquire the position of a holder in due course of a negotiable instrument so as to effectually cut off any defenses which the maker might have, he has the burden of establishing that he was, in all respects, a holder in due course. This included establishing the authority of a purported endorser to execute such endorsement. The old bank adage of "know your endorser" meant something. This was, as it should be, because the bank, as a purchaser of the instrument, was in the best position to inform itself as to the authority of the seller-endorser to make the transaction.

The Session Laws of 1965, which repealed the Negotiable Instruments Law and enacted in lieu thereof the Uniform Commercial Code, have not changed this requirement.

G.S. 25-3-307(3) provides:

"After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course."

[2]    Here, defendant has established, by admissions and affidavits, that it has a defense of failure of consideration insofar as Industries is concerned. The plaintiff seeks to cut off this defense by being a holder in due course. The burden thereupon fell to the plaintiff to show that it was "in all respects a holder in due course." By presenting nothing more than the note itself to prove the authority of Edwards to endorse for Industries, plaintiff failed to carry its burden. G.S. 25-3-403(1) provides that:

"A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. . . . "

The case of *Smathers v. Hotel Co.,* 168 N.C. 69, 84 S.E. 47 (1915) relied upon by the plaintiff is not contrary to the facts herein expressed. In that case, the burden of proof was placed upon the party claiming to be a holder in due course to establish that fact. That case points out that where an infirmity in the note has been established so as to create a valid defense by the maker and this defense is sought to be avoided by the establishment of a holder in due course, then the person claiming to be the holder in due course has the burden of proving it. In that case, the claimant introduced evidence to prove it. The question as to the authority of the endorser of the note to endorse it to the claimant was not controverted, and thus that case is not pertinent to the particular facts in this case.

Plaintiff having failed to carry its burden of proof to show that it was in all respects a holder in due course, defendant was entitled to summary judgment; and it was error for the trial court to deny the defendant's motion for summary judgment. Therefore, we remand the case to the District Court for entry of the appropriate judgment.

Reversed and remanded.

Judges BRITT and GRAHAM concur.