FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF NEW BERN, NORTH CAROLINA v. BRANCH BANKING & TRUST COMPANY, A BANKING CORPORATION; CHASE MANHATTAN BANK OF NEW YORK, A BANKING CORPORATION; THE HANOVER INSURANCE COMPANY, A CORPORATION; AND UNITED STATES FIRE INSURANCE COMPANY, A CORPORATION

No. 723SC304

(Filed 24 May 1972)

Banks and Banking § 11— forged draft — charge back — summary judgment

In an action by a savings and loan association to recover an amount charged back against it by a bank as a result of an alleged forged endorsement on a draft issued by defendant insurance company, summary judgment was properly entered in favor of defendant insurance company where it presented affidavits showing that the

endorsement of one of the payees on the draft was a forgery and that the draft was charged back in the normal collection channels in accordance with standard banking practices, and plaintiff presented nothing at the hearing on the motion other than the complaint.

PLAINTIFF appeals from *Rouse, Judge,* November 1971 Session of CRAVEN Superior Court.

Plaintiff seeks to recover $11,107.71 charged back against plaintiff by defendant Branch Banking and Trust Company (Branch) as a result of an alleged forged endorsement on a draft issued by defendant Hanover Insurance Company (Hanover). The draft was issued on 26 June 1968 payable to two payees—Winter Park Federal Savings and Loan Association (Winter Park) and Geraldine M. Stallings—jointly. Geraldine Stallings deposited the draft, bearing "endorsements" of both payees, to her account with plaintiff on 5 July 1968. Plaintiff endorsed the draft and deposited it in its account with Branch on 8 July 1968. The draft was accepted by Hanover and paid out of its account at Chase Manhattan Bank (Chase), the drawee bank, on 10 July 1968. On 5 October 1970, on demand of Hanover for reimbursement, Chase charged the draft back to the account of Branch due to notification that the endorsement of Winter Park on the draft was a forgery and Winter Park had never received payment. Branch then charged it back to plaintiff's account.

Defendant Hanover moved for summary judgment. Following a hearing the motion was allowed and from judgment dismissing the action as to Hanover, plaintiff appeals.

*Barden, Stith, McCotter & Sugg by Laurence A. Stith for plaintiff appellant.*

*Ward, Tucker, Ward & Smith by David L. Ward, Jr., for defendant appellee, Hanover Insurance Company.*

BRITT, Judge.

Plaintiff contends that it was error to grant summary judgment in this action.

The case of *Pridgen v. Hughes,* 9 N.C. App. 635, 177 S.E. 2d 425 (1970) presents an excellent discussion of the summary judgment procedure in North Carolina. It states that the burden is on the party moving for summary judgment to establish

the lack of a triable issue of fact. But if the party moving for summary judgment by affidavit or otherwise presents materials which would require a directed verdict in his favor if presented at trial, he is entitled to summary judgment unless the opposing party either shows that affidavits are then unavailable to him or comes forward with affidavits or other materials that show there is a triable issue of fact.

G.S. 1A-1, Rule 56(e) in part provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." See also: *Jarrell v. Samsonite Corp.*, 12 N.C. App. 673, 184 S.E. 2d 376 (1971); cert. den. 280 N.C. 180, 185 S.E. 2d 704 (1972); *Pridgen v. Hughes, supra.*

In the present case the moving party, Hanover, in addition to its answer presented affidavits showing that the endorsement of Winter Park on the draft was a forgery and that the draft was charged back in the normal collection channels in accordance with standard banking practice. Upon this showing by the movant the burden then fell upon plaintiff, the adverse party, to set forth specific facts showing a genuine issue for trial. *Bank v. Furniture Co.*, 11 N.C. App. 530, 181 S.E. 2d 785 (1971), cert. den., 279 N.C. 393, 183 S.E. 2d 241 (1971). Plaintiff presented nothing at the hearing on the motion other than the complaint. Under G.S. 1A-1, Rule 56(e) and decisions interpreting the statute, we hold that this was not sufficient to establish a triable issue of fact. Upon the facts presented by Hanover, the movant, it was entitled to judgment as a matter of law.

Among other things, plaintiff contends that it should be allowed to go to trial to show what interest Geraldine Stallings as joint payee had in the draft and that this amount should not have been charged back to plaintiff. The complaint is silent on this point and in its answer Hanover states that the full amount of the draft was paid to Winter Park. There is nothing in the record to indicate that Winter Park was not entitled to the entire amount of the draft and nothing in the record indicates that Geraldine Stallings was entitled to any part of it.

Upon a motion for summary judgment the adverse party may not rest upon his complaint and wait for trial to present his evidence, if any, when the moving party has presented affidavits or other matter indicating that summary judgment is appropriate. G.S. 1A-1, Rule 56 (e) ; *Pridgen v. Hughes, supra.*

In the instant case defendant Hanover produced evidence showing a forged endorsement and an eventual chargeback to plaintiff who warranted good title to the draft when it deposited the draft with Branch. G.S. 25-3-417(2) (a) ; G.S. 25-4-207(2) (a). Absent any showing by plaintiff that there are any genuine issues for trial once defendant produces its evidence, summary judgment is proper.

Affirmed.

Judges PARKER and HEDRICK concur.