GELDER & ASSOCIATES, INC. v. ST. PAUL FIRE AND MARINE INSUR-
ANCE COMPANY

No. 7710SC53

(Filed 21 December 1977)

**Principal and Surety § 10— bond to release laborer's and materialman's lien— ex-
tent of surety's obligation**

   A bond posted to release the principal's land from plaintiff's lien for labor
   and materials was not intended to secure only the rights plaintiff had by vir-
   tue of its lien on the land but obligated the surety to pay any sum that the
   courts finally determined to be due from the principal to plaintiff in an action
   to recover for the labor and materials; therefore, the surety's obligation under
   the bond was not extinguished when the principal's land was sold at a
   foreclosure sale under a prior lien.

APPEAL by defendant from *Herring, Judge.* Judgment
entered 28 August 1976 in Superior Court, WAKE County. Heard
in the Court of Appeals 25 October 1977.

Plaintiff sues defendant on a bond executed by Airpark In-
dustrial Center, Inc. as principal and by defendant as surety.

The controversy in this case began when Airpark Industrial
Center, Inc. failed to pay plaintiff all that it owed for clearing,
grading and paving land owned by Airpark. Plaintiff then filed
notice of a laborers' and materialmen's lien against the property
and started suit against Airpark to enforce that lien on 1 August
1974. On 6 September 1974, Airpark and defendant executed the
bond that is the subject of this lawsuit and deposited it with the
clerk of superior court. As required by G.S. 44A-16(6), the clerk
then cancelled the lien of record.

On 23 June 1975, the land was sold at a foreclosure sale
under the terms of a deed of trust which had been executed
before plaintiff commenced its work on the land and before plain-
tiff's lien could have attached. There was no surplus from the
foreclosure sale.

Plaintiff's suit against Airpark was tried in January, 1976,
and plaintiff was awarded a judgment in the amount of $23,538.79.
In March, 1976, plaintiff started this suit against defendant as
surety on the bond that was posted to release the land from plain-
tiff's lien. The judge concluded that there was no issue as to any
material fact and that plaintiff was entitled to judgment as a mat-

ter of law. He entered summary judgment for plaintiff in the amount of $23,538.79. This is the amount of plaintiff's judgment against Airpark, the principal on the bond.

*Edgar R. Bain, for plaintiff appellee.*

*Smith, Anderson, Blount & Mitchell, by John L. Jernigan and Joseph E. Kilpatrick, for defendant appellant.*

VAUGHN, Judge.

Defendant contends that the court erred in granting plaintiff's motion for summary judgment and argues that defendant was entitled to a judgment in its favor as a matter of law.

A laborers' and materialmen's lien may be discharged of record by, among other ways, complying with the following:

"Whenever a corporate surety bond, in a sum equal to one and one-forth [1 1/4] times the amount of the lien or liens claimed and conditioned upon the payment of the amount finally determined to be due in satisfaction of said lien or liens, is deposited with the clerk of court, whereupon the clerk of superior court shall cancel the lien or liens of record." G.S. 44A-16(6).

Plaintiff's lien on Airpark's property was so discharged when Airpark as principal and defendant as surety posted a bond, in pertinent part as follows:

KNOW ALL MEN BY THESE PRESENTS that we, AIRPARK INDUSTRIAL CENTER, INC., . . . as principal, and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, . . . as surety, are held and firmly bound unto Gelder and Associates, Inc., a North Carolina corporation with its principal office and place of business in Wake County, North Carolina, in the sum of Twenty-Nine Thousand Five Hundred Dollars ($29,500.00) for the payment of which sum we hereby obligate and bind ourselves and our respective legal representatives and successors, jointly and severally.

The condition of the foregoing obligation is that:

\* \* \*

NOW, THEREFORE, if the above principal and surety shall well and truly protect and save harmless the obligee from

any loss up to the sum of Twenty-Three Thousand Five Hundred Thirty-Eight Dollars and Seventy-Nine Cents ($23,538.79), costs of court, and interest, as the same shall be determined to be due obligee by principal by the courts of North Carolina upon a final determination in the above referenced action, this obligation shall be null and void, but otherwise to be and remain in full force and effect."

Defendant contends that the bond was intended solely to secure whatever rights plaintiff had by virtue of the lien on the land, that it was not intended to give plaintiff any greater security than it originally had by virtue of the lien and that, since the foreclosure of the property would have extinguished plaintiff's lien had not the bond been executed, the foreclosure cancelled defendant's obligations under the bond. Defendant's argument ignores the plain wording of the bond. The bond unconditionally obligates defendant to pay any sum that the courts finally determine to be due plaintiff by the principal, Airpark, up to the amount of $23,538.79, plus court costs and interest. That amount has now been determined. There is nothing in the contract to limit defendant's obligations to what plaintiff might have collected had the lien not been discharged. Defendant guaranteed payment of all that its principal owed plaintiff, not what plaintiff might have been able to collect.

The statute, G.S. 44A-16(6), is more for the benefit of the landowner than the lien-creditor. In many instances substantial development projects are fettered by the existence of liens for relatively small amounts over which there are serious disputes as to the sums due. Time is often of the essence. The landowner finds himself faced with the dilemma of either paying what he considers to be an unjust claim or incurring the risks inherent in the delay pending litigation of the claim. Under this statute the landowner can post a bond and free his land from the weight of the lien while the parties litigate over the amount, if any, that may finally be determined to be due. He can accomplish the same result by depositing cash with the clerk. G.S. 44A-16(5). He is then free to sell, mortgage, or otherwise encumber the land free of the lien. The lien-creditor has no choice as to whether the lien will be cancelled. He can, however, rest in the knowledge that, if he proves his debt, the debt will be paid. He is thereby relieved of the necessity of protecting his interest in the land by taking all

the steps that a prudent creditor would take, including possible negotiations with other creditors and efforts to insure that, in the event of a foreclosure, the property does not sell for less than its real value.

The contract is clear. Defendant's obligation will be enforced as written. Summary judgment for plaintiff was, therefore, properly entered.

Affirmed.

Judges MORRIS and CLARK concur.