LONNIE L. BERNARD v. OHIO CASUALTY INSURANCE COMPANY

No. 8513SC547

(Filed 4 February 1986)

**Principal and Surety § 2— motor vehicle dealer surety bond—accrual of cause of action—action barred by statute of limitations**

Plaintiff's actions against a motor vehicle dealer and defendant, the dealer's surety on a motor vehicle dealer surety bond, arose at the same time, that is, no later than 14 February 1979 when plaintiff filed a complaint against the dealer for breach of contract or fraud; therefore, plaintiff's action against defendant surety, commenced on 1 June 1983 which was more than three years after the action arose, was barred by the statute of limitations.

APPEAL by plaintiff from *Ellis, Judge.* Judgment entered 21 January 1985 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 19 November 1985.

*Earl Whitted, Jr., for plaintiff appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by Robert J. Lawing, for defendant appellee.*

BECTON, Judge.

Central Carolina Truck Sales, Inc. (Truck Sales) was a motor vehicle dealer, and Ohio Casualty Insurance Company (Ohio Casualty) was Truck Sales' surety on a motor vehicle dealer surety bond. On 14 September 1982, in a case connected to the case at bar, the trial court ruled in favor of plaintiff Lonnie L. Bernard against Truck Sales in an action for damages based on breach of contract and unfair and deceptive trade practices. Truck Sales appealed, and this Court affirmed. *Bernard v. Central Carolina Truck Sales, Inc.,* 68 N.C. App. 228, 314 S.E. 2d 582, *disc. rev. denied,* 311 N.C. 751, 321 S.E. 2d 126 (1984). On 1 June 1983, before our decision in *Bernard,* Bernard commenced the present action against Ohio Casualty as surety for Truck Sales on the surety bond. Ohio Casualty answered, asserting that the three-year statute of limitations had run on Bernard's claim against Ohio Casualty. Proceedings in this action were delayed pending final disposition of the case against Truck Sales. In May 1984, Bernard sought to execute judgment on Truck Sales, but Truck Sales was no longer in business. After the Supreme Court denied review of the case against Truck Sales and certified the case to the Superior Court on 6 September 1984, Bernard's case against Ohio Casualty proceeded. In January 1985, both sides moved for summary judgment, and on 21 January 1985, the trial court entered summary judgment against Bernard. Bernard appeals.

The only issue on appeal is whether the statute of limitations has run on Bernard's claim against Ohio Casualty as surety for Truck Sales. We hold that it has run and therefore affirm the trial court.

It is not disputed that Ohio Casualty was the surety for Truck Sales, the principal, under a motor vehicle dealer surety bond governed by N.C. Gen. Stat. Sec. 20-288(e) (Cum. Supp. 1985).

The applicable statute of limitations is N.C. Gen. Stat. Sec. 1-52(1) (1983), prescribing a three-year period. Ohio Casualty argues that the statutory period begins to run when the wrong or injury occurs or when the plaintiff discovers the wrong or injury. The wrong or injury in this case occurred when Truck Sales sold to Bernard a tractor with an engine later discovered to be less powerful than Truck Sales represented it to be. The very latest date we can say Bernard discovered the wrongful action of Truck Sales was when Bernard filed a complaint against Truck Sales on 14 February 1979.

Bernard argues that the three-year period did not begin to run against the surety until the principal, Truck Sales, breached the terms of the surety bond and a court of competent jurisdiction entered judgment against the principal, which in this case, occurred on 14 September 1982. Bernard relies on language from the bond to the effect that the surety's obligation will be null and void if the principal holds harmless any person injured by the principal's fraud or other wrongful conduct. We believe this language means simply that if Truck Sales paid for the damage caused by its own fraud, Ohio Casualty would not be liable. In other words, this language demonstrates that a surety under a motor vehicle surety bond is not an insurer; the surety does not reimburse the principal for its loss, it indemnifies persons harmed by the fraud, fraudulent representation, or violations of Article 12, Chapter 20 of the N.C. General Statutes by the principal or its agents.[1]

Bernard also argues that, regardless of when the surety's obligation arose, the statute of limitations in the action against the surety was tolled by the pendency of his action against the principal. In support of this position, Bernard cites several cases. None of them, however, is applicable to the case at bar. Each involves a plaintiff's claim against a single defendant before the Industrial Commission and holds that while the plaintiff's claim for

---

1. We note, without deciding, that had the surety and principal agreed in their written contract to require an aggrieved purchaser to obtain a judgment against Truck Sales before pursuing an action against the surety, the statutory period might have been delayed. *See* 74 Am. Jur. 2d *Suretyship* Sec. 141 (1974). *But cf.* G.S. Sec. 20-288(e) (1983) (language implying policy of allowing immediate cause of action against dealer *and* surety). There is no language to this effect in the contract in the case at bar.

compensation is pending before the Commission, no statute of limitations runs against the litigant on that claim. *See Giles v. Tri-State Erectors*, 287 N.C. 219, 214 S.E. 2d 107 (1975); *Watkins v. Central Motor Lines, Inc.*, 279 N.C. 132, 181 S.E. 2d 588 (1971); *Pratt v. Central Upholstery Co., Inc.*, 252 N.C. 716, 115 S.E. 2d 27 (1960); *Hanks v. Southern Public Utilities Co.*, 210 N.C. 312, 186 S.E. 252 (1936). *Deviney v. Wells*, 26 N.C. 30 (1843), also relied on by Bernard, does not apply here because it involved a specific statute prohibiting actions against a bail until after a judgment had been entered against the principal. *Id.* at 31; *see* N.C. Rev. Stat. ch. 65, Sec. 16 (1837).

"A surety is one who promises to answer for the debt of another." *Colonial Acceptance Corp. v. Northeastern Print-crafters, Inc.*, 75 N.C. App. 177, 179, 330 S.E. 2d 76, 77 (1985) (citations omitted). The obligation of a surety is primary and direct. *Dry v. Reynolds*, 205 N.C. 571, 573, 172 S.E. 351, 352 (1934). The Supreme Court recently discussed the obligation of a surety and contrasted it with the obligation of a guarantor:

> Although contracts of guaranty and suretyship are, to some extent, analogous, and the labels are used inter-changeably, there are, nevertheless, important distinctions between the two undertakings. . . . A guaranty is a promise to answer for the payment of a debt or the performance of some duty in the event of the failure of another person who is himself primarily liable for such payment or performance. . . . *A surety is a person who is primarily liable for the payment of the debt or the performance of the obligation of another.* . . . While both kinds of promises are forms of security, they differ in the nature of the promisor's liability. A guarantor's duty of performance is triggered at the time of the default of another. . . . On the other hand, *a surety is primarily liable for the discharge of the underlying obligation, and is engaged in a direct and original undertaking which is independent of any default.*

*Branch Banking & Trust Co. v. Creasy*, 301 N.C. 44, 52-53, 269 S.E. 2d 117, 122 (1980) (citations omitted) (emphasis added); *see* 74 Am. Jur. 2d *Suretyship* Sec. 141 (1974). Thus, Ohio Casualty's obligation to pay arose when Truck Sales failed to perform on its

contract with Bernard.[2] *See New Amsterdam Casualty Co. v. Waller,* 233 N.C. 536, 538, 64 S.E. 2d 826, 828 (1951).

Although the surety's obligation depends upon a valid obligation of the principal, the surety may be sued immediately when the principal becomes liable to a third party on an obligation covered by the suretyship contract, unless the suretyship contract or a statute provides otherwise. *New Amsterdam Casualty Co.* In support of this position, we note that it is settled by the weight of authority in other jurisdictions that the creditor of a principal on an obligation covered by a surety bond, absent statutory or contractual provisions to the contrary, may sue either the principal, the surety, or both at the time the principal's liability to the creditor arises. *See United States Industries, Inc. v. Blake Construction Co.,* 671 F. 2d 539, 551-52 (D.C. Cir. 1982) ("[T]he creditor may sue the surety directly without first obtaining a judgment against the principal debtor or even making a demand on it." (citations omitted)); *People v. Transamerica Insurance Co.,* 385 F. 2d 61, 62 (10th Cir. 1967) (A surety's liability arises in Colorado upon the commission of the wrongful act by the principal.); *C & L Rural Electric Coop. Corp. v. American Casualty Co.,* 199 F. Supp. 220, 222 (E.D. Ark. 1961) ("[I]t is not necessary for the principal's obligation to be settled or determined before the obligee can proceed against the surety."); *accord* 74 Am. Jur. 2d *Suretyship* Secs. 68 (A surety is not released by creditor's failure to pursue action against principal.) & 135 (1974) (Separate actions may be maintained against surety and principal.). It is also recognized that "the statute of limitations begins to run in favor of a surety from the time that he is subject to suit." *C & L Rural Electric Coop. Corp.,* 199 F. Supp. at 223.

We hold that Bernard's actions against Ohio Casualty and Truck Sales arose at the same time. This occurred when Bernard

2. It is interesting to note that the language of the motor vehicle surety bond statute suggests that the legislature intended the dealer and the surety both to be subject to suit at the time the purchaser suffers a loss or damage:

Any purchaser of a motor vehicle who shall have suffered any loss or damage by any act of a motor vehicle dealer that constitutes a violation of this Article or Article 15 shall have the right to institute an action to recover against such motor vehicle dealer and the surety.

G.S. Sec. 20-288(e).

discovered Truck Sales' breach of contract or fraud and could be no later than 14 February 1979, the time Bernard filed a complaint against Truck Sales in the superior court. Nothing prevented Bernard from joining both defendants in one action or from instituting a separate action against Ohio Casualty while the case against Truck Sales was pending. Because the action against Truck Sales presented no legal obstacle to prevent Bernard from suing Ohio Casualty, the statute of limitations was not tolled. Therefore, the action that Bernard commenced against Ohio Casualty on 1 June 1983, more than three years after the action arose, was barred by the statute of limitations. Summary judgment in favor of Ohio Casualty was proper.

For the reasons set forth above, we

Affirm.

Judges WEBB and COZORT concur.