MARY LOU ADAMS v. JACK M. BASS

No. 8710DC774

(Filed 2 February 1988)

**Principal and Surety § 1— suit against principal on original instrument—10-year statute of limitations applicable**

Plaintiff surety who elected to sue the principal on the original instrument, a note under seal, rather than to sue for reimbursement on the surety agreement, had the same rights the bank had on the original note, and the ten-year statute of limitations thus applied. N.C.G.S. § 26-3.1.

APPEAL by plaintiff from *Payne, Judge.* Judgment entered 18 March 1987 in District Court, WAKE County. Heard in the Court of Appeals 13 January 1988.

Plaintiff instituted this action on 11 July 1986 alleging that defendant executed a note under seal for a 90-day loan on 16 July 1976 to North Carolina National Bank. Plaintiff further alleged that on the same date at defendant's request, plaintiff became a guarantor of defendant's note by executing an "Assignment For . . . Certificates of Deposit" in the amount of $7,500.00 as collateral for defendant's obligation. This assignment was executed under seal by both plaintiff and defendant. It reads, in part, as follows:

> FOR VALUE RECEIVED, the undersigned hereby assigns, transfers and sets over to North Carolina National Bank . . . all the right, title and interest of the undersigned in and to that certain Savings Renewable Certificate of Deposit . . . as collateral for a loan in the amount of $7,500.00 . . . to Jack M. Bass and Mary Lou Adams . . . .

> The said Bank is hereby authorized to pay to North Carolina National Bank upon demand a sufficient portion of the funds on deposit . . . to satisfy all indebtedness, direct or indirect, of the borrower as certified by said bank.

> WITNESS their hands and seals this 16 day of July, 1976.

> s/  Jack M. Bass          (SEAL)

> s/  Mary Lou Adams      (SEAL)

Defendant defaulted and on 3 March 1977 the bank exercised its rights under the assignment by deducting $7,500.00 from plaintiff's certificate of deposit.

Plaintiff seeks recovery of $7,500.00 with interest from 3 March 1977 and asserts that she is entitled to be subrogated to the rights of the bank. Defendant answered and pleaded the statute of limitations in addition to other denials.

Plaintiff filed a motion for summary judgment and an affidavit containing the same general facts as alleged in the complaint. In the affidavit, plaintiff also stated that she was not a signatory to the note and received none of the loan proceeds.

Defendant also moved for summary judgment without supporting affidavits. The trial court denied plaintiff's motion for summary judgment and granted defendant's motion. Plaintiff appeals.

*Merriman, Nicholls, Crampton, Dombalis & Aldridge, P.A., by Nicholas J. Dombalis, II, and Elizabeth Anania, for plaintiff-appellant.*

*Nonnie F. Midgette for defendant-appellee.*

SMITH, Judge.

Plaintiff assigns as error the trial court's ruling that the action was barred by the three-year statute of limitations, G.S. 1-52, and the subsequent dismissal of her action. Plaintiff asserts that she was the guarantor of the defendant's note and entitled to subrogation with the same rights as the original creditor. The assignment of collateral, however, makes her primarily liable for payment of the note.

Though it is not necessary to discuss the technical distinctions existing between surety and guarantor in deciding this case, our Supreme Court has previously contrasted the differences:

> Although contracts of guaranty and suretyship are, to some extent, analogous, and the labels are used interchangeably, there are, nevertheless, important distinctions between the two undertakings. A guaranty is a promise to answer for the payment of a debt or the performance of some duty in the event of the failure of another person who is

himself primarily liable for such payment or performance. *A surety is a person who is primarily liable for the payment of the debt or the performance of the obligation of another.* While both kinds of promises are forms of security, they differ in the nature of the promisor's liability. A guarantor's duty of performance is triggered at the time of the default of another. On the other hand, *a surety is primarily liable for the discharge of the underlying obligation, and is engaged in a direct and original undertaking which is independent of any default.*

*Trust Co. v. Creasy*, 301 N.C. 44, 52-53, 269 S.E. 2d 117, 122 (1980) (citations omitted) (emphasis added). Under the present assignment of the certificate of deposit, plaintiff is a surety as her obligation and the bank's right to demand were not dependent upon default by defendant. *Colonial Acceptance Corp. v. Northeastern Printcrafters, Inc.*, 75 N.C. App. 177, 330 S.E. 2d 76 (1985).

It has been repeatedly held that a suit on a surety contract is controlled by the three-year statute of limitations, G.S. 1-52. *Fleet Real Estate Funding Corp. v. Blackwelder*, 83 N.C. App. 27, 348 S.E. 2d 611 (1986), *disc. rev. denied*, 319 N.C. 104, 353 S.E. 2d 109 (1987); *Bernard v. Ohio Casualty Ins. Co.*, 79 N.C. App. 306, 339 S.E. 2d 20 (1986). This rule applies even though the surety agreement is under seal. *Pickett v. Rigsbee*, 252 N.C. 200, 113 S.E. 2d 323 (1960); *Davis v. Alexander*, 207 N.C. 417, 177 S.E. 417 (1934). These cases, however, do not involve any allegations regarding subrogation. Additionally, these cases involved suits against the surety on the surety agreement. This is a suit against the maker of the note under seal by the surety who paid the obligation.

G.S. 26-3.1 provides:

(a) A surety who has paid his principal's note, bill, bond or other written obligation, may either sue his principal for reimbursement or sue his principal on the instrument and may maintain any action or avail himself of any remedy which the creditor himself might have had against the principal debtor. No assignment of the obligation to the surety or to a third-party trustee for the surety's benefit shall be required.

(b) The word "surety" as used herein includes a guarantor, accommodation maker, accommodation endorser, or other person who undertakes liability for the written obligation of another.

Though not cited by either the appellant or appellee, this statute is controlling. The statute allows a surety to sue a principal on the original instrument or for reimbursement on the surety agreement. After three years, a suit on the latter theory would be barred by G.S. 1-52. The plaintiff, having elected to sue on the underlying note under seal, has the same rights the bank had on the original note. *Exxon Chemical Americas v. Kennedy*, 59 N.C. App. 90, 295 S.E. 2d 770 (1982). Thus, the ten-year statute of limitations applies in this instance. G.S. 1-47.

Defendant has filed no affidavit in support of his motion for summary judgment or contrary to plaintiff's affidavit and may not rely on the mere denials in his answer. *See Savings and Loan Assoc. v. Trust Co.*, 14 N.C. App. 567, 188 S.E. 2d 661, *rev'd on other grounds*, 282 N.C. 44, 191 S.E. 2d 683 (1972).

The trial court is reversed and the case is remanded with instructions to grant summary judgment for plaintiff.

Reversed and remanded.

Judges ARNOLD and WELLS concur.