FRANK GEORGE, D/B/A FRANK GEORGE ELECTRIC, INC. v. HARTFORD ACCIDENT AND INDEMNITY COMPANY

No. 9030SC930

(Filed 7 May 1991)

1. **Principal and Surety § 10 (NCI3d) — laborers' and materialmen's lien — contractor's bond discharging lien — accrual of action against surety**

Where a surety bond filed by the general contractor discharging a subcontractor's lien pursuant to N.C.G.S. § 44A-16(6) obligated defendant surety to pay the full amount of the lien claim "as established in any appropriate court proceeding," the three-year statute of limitations of N.C.G.S.

GEORGE v. HARTFORD ACCIDENT AND INDEMNITY CO.

[102 N.C. App. 761 (1991)]

§ 1-52(1) for the subcontractor's claim against the surety on the bond did not begin to run when the lien was discharged by the filing of the bond but began to run when the amount of the lien claim was established by an arbitrator's award.

**Am Jur 2d, Suretyship §§ 141, 142.**

2. **Principal and Surety § 10 (NCI3d)— subcontractor's lien— judgment establishing amount—binding effect on surety**

A judgment obtained by a subcontractor against the general contractor establishing the amount of the subcontractor's lien for labor and materials was conclusive and binding on the surety on the bond filed by the general contractor discharging the lien pursuant to N.C.G.S. § 44A-16(6).

**Am Jur 2d, Suretyship §§ 25, 159.**

Judge PARKER dissenting.

APPEAL by defendant from order entered 17 July 1990 by *Judge James U. Downs* in MACON County Superior Court. Heard in the Court of Appeals 13 March 1991.

On 10 July 1984, plaintiff subcontractor filed a "Notice of Claim of Lien by First Tier Subcontractor" in the amount of $18,464.22 on property owned by V. Glenn Arnette, III and wife, Shannon P. Arnette. The general contractor on the construction project was Burke Engineering, Inc. (hereinafter "Burke"). On 27 August 1984, plaintiff filed an action against Burke and the Arnettes to recover the indebtedness and for the enforcement of the lien. Pursuant to a motion by Burke, a consent order was filed 18 February 1985 to stay the proceedings pending arbitration. On 23 April 1985, Burke as principal and defendant Hartford Accident and Indemnity Company as surety filed a bond discharging the lien pursuant to N.C. Gen. Stat. § 44A-16(6). On 6 January 1986, Burke filed a Petition in Bankruptcy. On 6 May 1987, a Bankruptcy Judge for the United States Bankruptcy Court for the Eastern District of Tennessee lifted the automatic stay which it had previously issued. On 25 May 1988, the arbitrator entered an award in favor of plaintiff against Burke in the amount of $13,278.60 plus expenses. On 26 August 1988, the trial court entered an order confirming the award in arbitration.

Plaintiff brought this action 13 February 1989 against defendant to recover $13,278.60 and actual and punitive damages based

**GEORGE v. HARTFORD ACCIDENT AND INDEMNITY CO.**

[102 N.C. App. 761 (1991)]

on defendant's issuance of its bond. On 6 April 1990, plaintiff moved for partial summary judgment on the issue of defendant's liability upon the bond, and on 21 May 1990 defendant filed a cross-motion for summary judgment. On 17 July 1990, the trial court filed an order granting plaintiff's motion for summary judgment, denying defendant's cross-motion for summary judgment, and stating there is no just reason for delaying entry of final judgment against defendant on the issue of liability of the defendant on the bond and the amount of liability.

From this order, defendant appeals.

*Creighton W. Sossomon for plaintiff-appellee.*

*Martin, Cavan & Andersen, P.C., by C. Walker Ingraham; and Alley, Hyler, Killian, Kersten, Davis & Smathers, by Patrick U. Smathers, for defendant-appellant.*

ORR, Judge.

Defendant contends that the trial court erred in granting plaintiff's motion for partial summary judgment and denying defendant's cross-motion for summary judgment. "Review of summary judgment on appeal is limited to whether the trial court's conclusions are correct as to the questions of whether there is a genuine issue of material fact and whether the movant is entitled to judgment." *Vernon v. Barrow*, 95 N.C. App. 642, 643, 383 S.E.2d 441, 442 (1989).

[1] Defendant first assigns as error the failure of the trial court to hold the statute of limitations had run on plaintiff's claims against defendant. Liens of mechanics, laborers, and materialmen may be discharged in several ways including the following:

Whenever a corporate surety bond, in a sum equal to one and one-fourth times the amount of the lien or liens claimed and conditioned upon the payment of the amount finally determined to be due in satisfaction of said lien or liens, is deposited with the clerk of court, whereupon the clerk of superior court shall cancel the lien or liens of record.

N.C. Gen. Stat. § 44A-16(6) (1984).

Here plaintiff's lien was discharged pursuant to the above statute. The bond discharging the lien stated in relevant part:

GEORGE v. HARTFORD ACCIDENT AND INDEMNITY CO.

[102 N.C. App. 761 (1991)]

KNOW ALL MEN BY THESE PRESENTS: That the undersigned Burke Engineering, Inc., . . ., as Principal, and Hartford Accident and Indemnity Company, . . ., as Surety, are held and firmly bound unto Frank George Electric, Inc. ("Lien Claimant") in the sum of $23,080.28, the same being one and one-fourth times the amount claimed in the Mechanic and Materialman's lien ("Lien Claim") hereinafter referred to for the payment of which the undersigned bind themselves . . . .

The condition of the above obligation is:

Burke Engineering, Inc., as Principal, and Hartford Accident and Indemnity Company, as Surety, will pay the full amount of the Lien Claim as established in any appropriate court proceeding, plus any court costs and attorneys' fees awarded the Lien Claimant, but in no event shall the liability of the Principal or Surety under this Bond exceed the bond penalty of $23,080.28.

The liabilities of the parties hereunder shall be binding until the Lien Claim of the Lien Claimant shall have been fully discharged by final judgment of a court of competent jurisdiction or voluntarily released by Lien Claimant, its successors or assigns, or until the Lien Claim is barred by applicable statute of limitations.

N.C. Gen. Stat. § 1-52(1) (1983), which provides for a three year statute of limitations, applies. *Adams v. Bass*, 88 N.C. App. 599, 364 S.E.2d 194 (1988), *cert. denied*, 326 N.C. 363, 389 S.E.2d 810 (1990); *Bernard v. Ohio Casualty Ins. Co.*, 79 N.C. App. 306, 339 S.E.2d 20 (1986).

Defendant argues that the three year statute of limitations began to run upon defendant's filing of the bond discharging the lien on 23 April 1985, and therefore plaintiff's complaint which was filed 13 February 1989 was not timely. Plaintiff argues that because the bond states that Burke as principal and defendant as surety "will pay the full amount of the Lien Claim as established in any appropriate court proceeding . . . ," the defendant was not under any obligation to pay until an amount was established. The earliest date that an amount was established was the date of the award of the arbitrator, 25 May 1988, and the award did not become a judgment until 26 August 1988. Therefore, plaintiff contends 26 August 1988 is the appropriate date for commencement

of the running of the three year statute of limitations, and plaintiff's claim is timely.

> A cause of action on a bond accrues immediately on the breach of any of its conditions. The liability of a surety, as a general rule, accrues at the same time as that of the principal; a breach of the bond is essential to bind the surety. If the parties have stipulated that the surety's liability is contingent on the performance of some act or the happening of some event, their agreement will, of course, control. Thus, where a demand or a judgment against the principal is necessary to fix the liability of the surety, the cause of action does not accrue until the making of a demand or the rendition of a judgment in accordance with the agreement.

74 Am. Jur. 2d *Suretyship* § 141 at 101 (1974).

> In *Bernard* we stated:

> Although the surety's obligation depends upon a valid obligation of the principal, the surety may be sued immediately when the principal becomes liable to a third party on an obligation covered by the suretyship contract, *unless the suretyship contract or a statute provides otherwise.* . . . It is also recognized that "the statute of limitations begins to run in favor of a surety from the time that he is subject to suit."

79 N.C. App. at 310, 339 S.E.2d at 23 (citations omitted and emphasis added).

Here the bond obligates defendant to "pay the full amount of the Lien Claim as established in any appropriate court proceeding." Therefore, under the clear wording of the bond, the defendant's liability did not accrue until the amount was "established in any appropriate court proceeding." The amount was established in the award of the arbitrator on 25 May 1988 and became a final judgment 26 August 1988. Thus plaintiff's claim filed 13 February 1989 is timely.

[2] Next defendant contends that the judgment obtained against the principal in a separate action to which the surety was not a party was not conclusive and binding upon the surety and that the surety was entitled to raise its own defenses or impeach the judgment rendered against its principal.

Where the very condition of the bond is the performance of a judgment against the principal, or that the surety will pay all damages that may be awarded in an action brought against the principal, or will answer for the principal in respect to some charge which the law lays on him, there is no question as to the conclusiveness, as against the surety, of a judgment against the principal, if binding upon the latter and free from fraud and collusion, assuming, of course, that it is the kind of judgment contemplated by the surety's undertaking. It has been said that there is no reason why parties should not be allowed to obligate themselves to abide by the result of a suit between others; and if the contract can be fairly construed as imposing such an obligation, there is no hardship in enforcing it.

74 Am. Jur. 2d *Suretyship* § 153 at 109-10.

Here the bond clearly obligates the surety to pay the amount of the lien claim as established. We conclude that the trial court did not err in granting summary judgment.

Affirmed.

Judge JOHNSON concurs.

Judge PARKER dissents.

Judge PARKER dissenting.

I respectfully dissent. In my view under the principles enunciated in *Bernard v. Ohio Casualty Ins. Co.*, 79 N.C. App. 306, 339 S.E.2d 20 (1986), plaintiff's claim against defendant on defendant's surety bond was barred by the applicable three year statute of limitation, N.C.G.S. § 1-52(1). Plaintiff's cause of action against defendant surety accrued when the lien was discharged. The contract language obligating defendant to "pay the full amount of the lien claim as established in any appropriate court proceeding" governed only the extent of defendant's liability. The statute of limitation was not tolled pending judicial determination of the amount of the liability. Therefore, I vote to reverse the summary judgment entered for plaintiff and to enter summary judgment for defendant.