FRANK GEORGE, D/B/A FRANK GEORGE ELECTRIC, INC. v. HARTFORD ACCIDENT AND INDEMNITY COMPANY

No. 260A91

(Filed 27 January 1992)

**Principal and Surety § 10 (NCI3d)— laborers' and materialmen's lien—bond discharging lien—accrual of action against surety**

The statute of limitations begins to run in favor of a corporate surety which has filed a bond discharging a lien under N.C.G.S. § 44A-16(6) when final judgment is entered in favor of the lien claimant, not when the surety files the bond discharging the lien. The primary purpose of N.C.G.S. § 44A-16(6) is to protect the landowner, not the lien claimant, who is already protected by virtue of the lien on the property. Because the bond acts as a substitute for the land, the lien

claimant's right to make demand upon the bond accrues at the same time that he would have been able to enforce the lien against the land, *i.e.*, at final judgment in his favor.

**Am Jur 2d, Suretyship §§ 236, 237.**

APPEAL by defendant Hartford Accident and Indemnity Company pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 102 N.C. App. 761, 404 S.E.2d 1 (1991), affirming the judgment of *Downs, J.,* at the 9 July 1990 Session of Superior Court, MACON County. Heard in the Supreme Court 14 October 1991.

*Creighton W. Sossomon for plaintiff-appellee.*

*Glass, McCullough, Sherrill & Harrold, by C. Walker Ingraham; and Patrick U. Smathers, for defendant-appellant.*

FRYE, Justice.

The question presented in this case is when does the statute of limitations begin to run in favor of a corporate surety which has filed a bond discharging a lien under N.C.G.S. § 44A-16(6). We agree with the Court of Appeals that the statute of limitations begins to run when final judgment is entered in favor of the lien claimant; however, we reach this result by a different path than the one taken by the Court of Appeals. We therefore modify and affirm the decision of the Court of Appeals.

I.

Following are the facts necessary for an understanding of the single issue involved in this appeal. On 10 July 1984, plaintiff Frank George (George), an electrical subcontractor, filed a "notice of claim of lien by first-tier subcontractor" against property owned by V. Glenn Arnette and his wife, Shannon P. Arnette. On 27 August 1984, George filed a complaint against Burke Engineering, Inc. (Burke), the general contractor on the construction project, and the Arnettes. The complaint alleged that Burke had not paid George $18,610.22 in connection with George's work on the Arnettes' property known as the Highlands Inn in Highlands, North Carolina. George prayed for judgment against Burke and also for enforcement of his lien rights with respect to the Arnettes' property.

GEORGE v. HARTFORD ACCIDENT AND INDEMNITY CO.

[330 N.C. 755 (1992)]

On 18 February 1985, a consent order was entered, staying the action pending arbitration proceedings. On 23 April 1985, Burke, as principal, and defendant Hartford Accident and Indemnity Company (Hartford), as surety, filed a "bond discharging lien" with the Macon County Clerk of Superior Court pursuant to N.C.G.S. § 44A-16(6). After a delay due to bankruptcy proceedings involving Burke, arbitrator James R. Simpson, II, on 25 May 1988, entered an award in George's favor for $13,278.60. On 26 August 1988, Judge Downs confirmed the award.

On 19 January 1989, George's counsel requested payment on the bond from Hartford. Hartford refused. The present action, demanding payment on the bond, as well as other damages not pertinent to this appeal, was instituted on 13 February 1989. In its answer, Hartford argued that George's action was barred by the three-year statute of limitations.[1] On 17 July 1990, Judge Downs filed an order granting George's motion for partial summary judgment on the issue of Hartford's liability on the bond and entered final judgment in the amount of $13,278.60 plus costs, expenses and interest.

The Court of Appeals, on a 2-1 vote, upheld the trial court. *George v. Hartford Accident and Indem. Co.*, 102 N.C. App. 761, 404 S.E.2d 1 (1991) (Parker, J., dissenting). Hartford appeals as of right based on Judge Parker's dissent.

II.

Ironically, both Hartford and the Court of Appeals, which held for George, rely on the same passage from the same case to support their opposing positions. The case is *Bernard v. Ohio Casualty Insurance Co.*, 79 N.C. App. 306, 339 S.E.2d 20 (1986), and the passage is as follows:

> Although the surety's obligation depends upon a valid obligation of the principal, the surety may be sued immediately when the principal becomes liable to a third party on an obligation covered by the suretyship contract, *unless the suretyship contract or a statute provide otherwise*. . . . It is also recognized that "the statute of limitations begins to run in favor of the surety from the time that he is subject to suit."

---

1. Both parties and the Court of Appeals agree that the appropriate statute of limitations is the three-year limitations period of N.C.G.S. § 1-52(1). We do not disagree.

GEORGE v. HARTFORD ACCIDENT AND INDEMNITY CO.

[330 N.C. 755 (1992)]

*Id.* at 310, 339 S.E.2d at 23 (citations omitted) (emphasis added). The Court of Appeals, relying on the italicized clause above, turned to the language of the bond. The bond reads, in pertinent part:

> Burke Engineering, Inc., as Principal, and Hartford Accident and Indemnity Company, as Surety, will pay the full amount of the Lien Claim *as established in any appropriate court proceeding,* . . . but in no event shall the liability of the Principal or Surety under this Bond exceed the bond penalty of $23,080.28.

(Emphasis added.) Thus, reasoned the Court of Appeals, "under the clear wording of the bond, the defendant's liability did not accrue until the amount was 'established in any appropriate court proceeding.' The amount was established in the award of the arbitrator on 25 May 1988 and became a final judgment 26 August 1988." *George,* 102 N.C. App. at 765, 404 S.E.2d at 3. George's claim, filed 13 February 1989, was within three years of the final judgment and was therefore timely. *Id.*

Hartford argues, however, that the statute of limitations began to run when it filed the bond discharging the lien on 23 April 1985. Thus, George's complaint, filed more than three years later, is barred.

Hartford bases its argument on the same passage from *Bernard* quoted above. *Bernard,* according to Hartford's brief, "recognized two cardinal rules of suretyship: the liability of a surety accrues at the same time as that of the principal; and the surety may be sued immediately when the principal becomes liable." Thus, Hartford argues, its liability accrued on 23 April 1985, the date it filed the bond discharging the lien, because its principal, Burke, was already subject to suit at that time; accordingly, the statute of limitations began to run on that date.

As for the bond language relied on by the Court of Appeals, Hartford notes that the bond states that Hartford, as surety, will pay the full amount of the lien claim "as established in *any* appropriate court proceeding." (Emphasis added.) The bond contains no provision requiring that a judgment must first be entered against the *principal* before Hartford, as surety, can be held liable. George, Hartford contends, could have filed suit against Hartford as of 23 April 1985, won its case and collected its judgment from Hartford. This would have complied with the requirement that "Hartford

**GEORGE v. HARTFORD ACCIDENT AND INDEMNITY CO.**

[330 N.C. 755 (1992)]

Accident and Indemnity Company, as Surety, will pay the full amount of the Lien Claim as established in any appropriate court proceeding."

Although Hartford makes a persuasive argument, we agree with George that both Hartford and the Court of Appeals make the same crucial mistake: the suretyship principles outlined in *Bernard* are not applicable to this case. The issue in *Bernard* was whether the statute of limitations had run on plaintiff Bernard's claim against defendant Ohio Casualty Insurance Company (Ohio Casualty). *Bernard*, 79 N.C. App. at 307, 339 S.E.2d at 21. Ohio Casualty was surety for Central Carolina Truck Sales (Central Carolina), the principal, under a motor vehicle dealer surety bond governed by N.C.G.S. § 20-288(e). *Id.* That statute requires motor vehicle dealers like Central Carolina to furnish a corporate surety bond for the protection of consumers. The purpose of the statute is to provide protection for the consumer by holding liable "both the motor vehicle dealer and its surety . . . to any consumer who suffers a loss or damages by any act of the motor vehicle dealer that violates either article 12 or article 15 of chapter 20 of the General Statutes of North Carolina." *Tomlinson v. Camel City Motors*, 330 N.C. 76, 78, 408 S.E.2d 853, 855 (1991).

The general suretyship principles outlined in *Bernard* are consistent with and support the policy objectives of N.C.G.S. § 20-288(e). The liability of the surety necessarily accrues at the same moment as liability of the motor vehicle dealer; therefore, the surety may be sued immediately when the principal becomes liable. This serves the underlying purpose of the statute, which is to provide a ready source of money for the consumer who has been injured. Thus, the Court of Appeals was correct in *Bernard* when it held that plaintiff Bernard's actions against Ohio Casualty and Central Carolina arose at the same time. *Bernard*, 79 N.C. App. at 310-11, 339 S.E.2d at 23. Because the plaintiff in that case waited too long to file suit against the surety, its suit was time barred. *Id.* at 311, 339 S.E.2d at 23.

The statute at issue in this case, N.C.G.S. § 44A-16, outlines six ways that a lien, already properly filed against property, can be discharged. One of these is by filing a corporate surety bond.[2]

---

2. N.C.G.S. § 44A-16(6) reads as follows:

   Any lien filed under this Article may be discharged by any of the following methods:

   . . . .

In contrast to N.C.G.S. § 20-288(e), the primary purpose of N.C.G.S. § 44A-16(6) is not to provide a ready source of money for those who have been injured. The primary purpose of this subsection, as explained by the Court of Appeals in *Gelder & Associates v. St. Paul Fire and Marine Insurance Co.*, 34 N.C. App. 731, 239 S.E.2d 604 (1977), *disc. rev. denied*, 294 N.C. 441, 241 S.E.2d 843 (1978), is to provide the landowner a convenient way to unburden his property while the lien claimant's claim is litigated. We quote with approval the following language from *Gelder*:

> The statute, G.S. 44A-16(6), is more for the benefit of the landowner than the lien creditor. In many instances substantial development projects are fettered by the existence of liens of relatively small amounts over which there are serious disputes as to the sums due. Time is often of the essence. The landowner finds himself faced with the dilemma of either paying what he considers to be an unjust claim or incurring the risks inherent in the delay pending litigation of the claim. Under this statute the landowner can post a bond and free his land from the weight of the lien while the parties litigate over the amount, if any, that may finally be determined to be due. He can accomplish the same result by depositing cash with the clerk. G.S. 44A-16(5). He is then free to sell, mortgage, or otherwise encumber the land free of the lien. The lien-creditor has no choice as to whether the lien will be canceled. He can, however, rest in the knowledge that, if he proves his debt, the debt will be paid. He is thereby relieved of the necessity of protecting his interest in the land by taking all the steps that a prudent creditor would take, including possible negotiations with other creditors and efforts to insure that, in the event of a foreclosure, the property does not sell for less than its real value.

*Id.* at 733-34, 239 S.E.2d at 605-06. Thus, while the lien claimant may receive some benefit from the statute, the *primary* purpose of N.C.G.S. § 44A-16(6) is to protect the *landowner*, not the lien

---

(6) Whenever a corporate surety bond, in a sum equal to one and one-fourth times the amount of the lien or liens claimed and conditioned upon the payment of the amount finally determined to be due in satisfaction of said lien or liens, is deposited with the clerk of court, whereupon the clerk of superior court shall cancel the lien or liens of record.

N.C.G.S. § 44A-16(6) (1989).

claimant, who is already protected by virtue of the lien on the property. The bond, in other words, simply takes the place of the land.

Because the bond acts as a substitute for the land, logic dictates that the lien claimant's right to make demand upon the bond accrues at the same time that he would have been able to enforce the lien against the land: at final judgment in his favor. *See* N.C.G.S. § 44A-13(b) ("The judgment shall direct a sale of the real property subject to the lien thereby enforced."). We therefore hold that the statute of limitations begins to run in favor of the corporate surety under N.C.G.S. § 44A-16(6) when final judgment is entered in favor of the lien claimant. Because George filed suit against Hartford within three years of final judgment being entered in his favor, the suit was timely. The decision of the Court of Appeals is modified and affirmed.

Modified and affirmed.